RAWLS, Judge.
The Travises, plaintiffs in the trial court,, appealed from an adverse summary final' judgment in an action for injuries sustained' by Reather Marie Travis while a passenger in an automobile driven by Irene Marie-Blackmon in a funeral procession.
Appellants contend that the-proofs adduced removed them from the operation of the guest statute, F.S.A. § 320.-59, so the trial court erred in granting the summary final judgment. We find that the trial court did not err in concluding as a matter of law that the nature of the services performed by plaintiff (gratuitously reading at a funeral home the obituary of a decedent who had for years been one of plaintiff’s neighbors when requested to perform such services by the defendant, a niece of the decedent and plaintiff’s beau *699 tician) was anything' other than a social amenity or gesture of hospitality particularly where the accident occurred after performing the service requested and while the two women were on their way to the •cemetery. The guest statute cannot be invoked in commercial transactions or when the passenger’s presence in the vehicle is ■solely for the benefit of the owner or operator or for the mutual benefit of the passenger and owner of the car, provided such benefit is of a real and tangible nature rather than a remote, vague or incidental benefit. However, the status of the passenger cannot be changed from that of a guest where the journey is primarily for purposes of companionship, pleasure, social amenities, hospitality and the like.[1]
It is not contended that the negligence, if any, is anything other than simple negligence, but appellants contend that the following provision of the guest statute, to wit: “[T]he question or issue of negligence, gross negligence, and wilful or wanton misconduct * * * shall in all such cases be solely for the jury” mandatorily requires submission of the question to a jury. This contention is without merit. The quoted provision has been construed by the Florida Supreme Court to be sur-plusage which would not preclude the courts from passing upon the legal sufficiency of the evidence.[2]
The remaining question presented for consideration is appellees’ cross assignment citing as error the trial court’s failure to tax the expense of the depositions against the plaintiff. Here only the depositions of the two parties were taken; the purpose was for discovery; the facts found were relatively simple and noncontroversial; and so the depositions were used to support a motion for summary judgment. Allowing the expense of depositions as taxable costs in a civil action rests in the sound discretion of the trial court.[3] Since the courts are committed to the proposition that the proper administration of justice requires that costs of litigation be kept within reasonable bounds, we find no abuse of. discretion. From the facts here involved the trial judge could have found that the same facts could have been adduced by the less expensive method of affidavits and interrogatories.
There being no reversible error, judgment is affirmed.
CARROLL, DONALD, K., Acting Chief Judge, and WIGGINTON, J., concur.

. Sullivan v. Stock, 98 So.2d 507 (Fla.App. 1957).

. Cormier v. Williams, 148 Fla. 201, 4 So.2d 525 (1941).

.Section 58.13, Florida Statutes, F.S.A.