PER CURIAM.
Recovery of commissions claimed for sales of mobile homes pursuant to an oral agreement was sought below by Jeanne Test, plaintiff-appellee. The jury found in her favor, and an appeal from the judgment consequent upon the verdict has been brought by defendants-appellants, Owen Lockwood and Marie Lockwood, his wife, doing business as Lockwood Mobile Homes.
The testimony as to terms of the oral agreement was in conflict, appellants as defendants below arguing that the sales made by appellee were never completed pursuant to its terms. Appellee, testifying to the contrary upon this subject, claimed and the jury awarded, the sum of $1,497.75 as the total amount due as commissions for sale of seven mobile homes or trailers. Thus, the jury, weighing and resolving the evidence with its conflicts, returned a verdict in favor of appellee, obviously accepting her version. The judgment entered upon the verdict should not be disturbed.
*143 Appellants contend that the court erred in taxing against them the cost of depositions not offered in evidence. Section 58.13, Florida Statutes, F.S.A., provides, “The court may in its discretion allow as taxable costs in a civil action expense of the court reporter for per diem, transcribing proceedings of the court and depositions.” The matter of cost for depositions, therefore, is generally within the discretion of the trial court. The trial judge, in taxing the costs, specifically found in his order that the depositions for which the costs had been allowed had served a useful purpose. See Ginsberg v. Ginsberg, Fla.App.1961, 128 So.2d 435. We do not find that he erred as to this.
Other points raised by appellants have been considered, hut this court has discerned no prejudicial error which could result in a reversal. The judgment, appealed is accordingly affirmed.
Affirmed.
SMITH, C. J., and KANNER and WHITE, JJ., concur.