223 So.2d 767 (1969)
Lucy L. COHN, Appellant,
v.
FLORIDA NATIONAL BANK AT ORLANDO, a National Banking Association, Appellee.
No. 2393.
District Court of Appeal of Florida. Fourth District.
June 13, 1969.
J. Russell Hornsby, of the Law Offices of J. Russell Hornsby, Orlando, for appellant.
Charles T. Wells, of Maguire, Voorhis & Wells, Orlando, for appellee.
MORROW, RUSSELL O., Associate Judge.
On February 15, 1966, Lucy Cohn, appellant-plaintiff, was a business invitee upon the premises of the Florida National Bank at Orlando, the defendant-appellee. It had been raining and the bank's parking lot was wet. The appellant proceeded across the lot into the bank without incident. Upon leaving the bank to return to her car she took a few steps into the parking lot and slipped and fell.
One year prior to the accident a sealer had been placed upon the asphalt parking *768 lot to protect it from weather and deterioration from petroleum products. Appellant testified that after the fall there was a black gummy substance on her boot and raincoat which had not been present before the fall.
Appellant's expert witness was asked if he ran a test to compare whatever was on the boot with the lot sealer to see if it was the same stuff. He answered, "No, I did not." He was also asked, "Are you able to determine whether or not that particular sealer that was put on there was or was not slippery?" He answered, "Not from the investigation I conducted. It's possible but I didn't go into that at length." The witness further testified that he did not have any experience in his profession as to whether or not one particular sealer is more slippery than any other. It was his engineering recommendation that sealers not be used on pedestrian lots on asphalt.
There was no testimony that the defendant had actual knowledge of a dangerous condition.
The plaintiff contends that the application of the sealer to the parking lot created a dangerous condition which constituted a latent defect or hidden trap and which had existed long enough to charge the defendant with knowledge.
There is nothing in the above or elsewhere in the record to indicate that the sealer was applied wrongfully or that its being placed upon the lot for the use of invitees was a negligent act.[1] There is no evidence that the sealer was dangerously slippery when wet. The recommendations of the expert that sealer not be used or that sand be used in the sealer for pedestrian walkways, is not evidence that the sealer in question was dangerous or that the parking lot was not a reasonably safe place on which to walk. It should here be pointed out that the expert did not analyze the parking lot sealer as to sand content.
The issue of liability was tried first and at the close of the plaintiff's case on said issue, the trial judge granted defendant's motion for a directed verdict from which this appeal was taken.
The question of whether the issue of liability should have gone to the jury was correctly determined by the trial judge and we find no error in the verdict as directed. See Swilley v. Economy Cab Co. of Jacksonville, Fla. 1951, 56 So.2d 914.
The remaining question pertains to the assessment of costs. In this area the lower court has reasonable discretion. However, the issue of damages was not tried and certain costs pertaining to this issue were assessed.
Costs of depositions are taxable if they serve a useful purpose, even though not offered into evidence. Lockwood v. Test, Fla.App. 1964, 160 So.2d 142. The medical witnesses were not called and the costs of their depositions would not be taxable, in that the issue being served thereby was not tried.
Fees for necessary witnesses who are subpoenaed and attend court, but not actually examined, are taxable. 20 C.J.S. Costs § 227. Fees for a witness who has not attended court to testify cannot be taxed as costs. In re First Bond & Mortgage Co., 5 Cir.1935, 74 F.2d 930; 20 C.J.S. Costs § 231. The cost of hospital records not used in trial or introduced in evidence is not taxable. Cf. Loftin v. Anderson, Fla. 1953, 66 So.2d 470.
We find error in the assessing of costs. This case is remanded to the lower court for the assessing of costs in conformity herewith.
Affirmed, in part; reversed, in part.
WALDEN, C.J., and OWEN, J., concur.
NOTES
[1] Compare with First Federal Sav. & Loan Ass'n of Miami v. Wiley, Fla. 1950, 46 So.2d 396.