McCAIN, Judge.
Having reviewed the briefs and record on appeal, we conclude that appellant-plaintiff has failed to sustain her burden of making error clearly appear as to the final summary judgment for appellees-defend-ants, but that sufficient cause exists for reversal and remand of the cost judgment entered.
In this slip and fall action, the trial judge upon the pleadings and documents of record, inclusive of depositions and affidavits, granted final summary judgment in favor of defendants and upon motion entered a cost judgment against plaintiff in favor of the defendant, Superx Drugs of Florida, Inc., in the amount of $232.40.
The motion for taxing costs listed (1) deposition of Dr. Musselman — $116.45,(2) deposition of Dr. Hundley — $86.50, (3) J. E. Bruno, court reporter, for transcript of depositions of Higgins and Baucomb — $14.-00, (4) professional reporting service for deposition of Gaunt — $7.80, and (5) Heinrich, court reporter, for hearing on summary judgment — $29.45. These total $254.-20. Among other things items (1) and (2) contain the doctors’ fees. Penciled “X” marks appear by items (3) and (4) which if deducted from the total would leave $232.-40.
The cost judgment of $232.40 does not itemize its allowance. The summary judgment does not state the reasons for its entry, however, the record clearly reflects it was based upon no liability being established on the part of the defendants.
F.S.1967 57.071, F.S.A. states:
“If costs are awarded to any party the following shall also be allowed:
“(1) * * *
“(2) The expense of the court reporter for per diem, transcribing proceedings and depositions, * *
Defendant, Superx, urges affirmance of the cost judgment under a manda *20 tory construction of the cited statute. Such a carte blanche result would render meaningless the purpose of the act which we opine to be that in those instances where the court reporter has served a useful and necessary purpose in proceedings and depositions such expenses are allowable. Although the language of the present statute appears mandatory on the trial judge rather than discretionary ás its predecessor, F.S. 1965, 58.13, F.S.A. nevertheless the significance of costs being related to a useful and meaningful purpose is not altered. See Cohn v. Florida National Bank at Orlando, Fla.App.1969, 223 So.2d 767.
The issue of damages was not before the court when the final summary judgment was entered and costs allocated to this would not be taxable.
Therefore, the final summary judgment is affirmed but the cost judgment is reversed and this case is remanded for assessing of costs in conformity herewith.
Affirmed, in part; reversed, in part, and remanded.
WALDEN and OWEN, JJ., concur.