271 So.2d 227 (1973)
John G. FATOLITIS, Appellant,
v.
Mary FATOLITIS, Appellee.
No. 71-835.
District Court of Appeal of Florida, Second District.
January 5, 1973.
*228 Harold S. Wilson, Clearwater, for appellant.
H. Shelton Philips, of Kaleel & Kaleel, St. Petersburg, for appellee.
PIERCE, Judge (Ret.).
Appellant John G. Fatolitis, plaintiff below, seeks review of a judgment awarding attorneys' fees to appellee Mary Fatolitis, defendant below, which included a fee of $1,000.00 for legal services performed in the appellate court. Mary Fatolitis cross-assigns as error the amount of the attorneys' fees and the costs awarded.
In 1970 an appeal was taken to this Court by John from an order correcting an order dismissing the complaint and counterclaim. Mary did not file a motion for attorneys' fees in this Court as provided in FAR 3.16(e), 32 F.S.A., nor did this Court fix or refer to attorneys' fees in its decision or mandate. See Fatolitis v. Fatolitis, Fla.App. 1971, 247 So.2d 525. Mary's right *229 to attorneys' fees in that appeal has therefore been terminated, and the trial Court does not have authority to fix attorneys' fees for such services, Howell v. Howell, Fla.App. 1966, 183 So.2d 261; Anderson v. Anderson, Fla.App. 1965, 180 So.2d 360; In re Estate of Potts, Fla.App. 1967, 199 So.2d 319.
The next question involves the amount awarded Mary for services rendered by her attorneys in the lower Court. John contends that the amount was not supported by competent evidence, and Mary contends that the amount awarded should have been the entire amount recommended by her expert witness, since he was the only witness who testified as to attorneys' fees.
The expert witness testified that in his opinion a reasonable fee would be $6,650.00, which included legal services performed in the appeal. On cross examination, the expert admitted that his opinion was based upon a fifteen minute examination of the file and upon what Mary's attorney had told him as to the time expended. He admitted that he did not know whether the seventy hours spent on study and preparation were necessary or well-spent. The trial Court awarded Mary $3,000.00 for services rendered by her attorneys in the lower Court, giving appellant a credit of $300.00 paid to Mary's attorneys as temporary attorneys' fee.
While the testimony of an expert witness is persuasive only, Lyle v. Lyle, Fla.App. 1964, 167 So.2d 256, and such testimony is neither conclusive nor binding on the Court, Folmar v. Davis, Fla.App. 1959, 108 So.2d 772, the amount of attorneys' fees must be supported by competent substantial evidence, Lyle v. Lyle, supra; Ortiz v. Ortiz, Fla.App. 1968, 211 So.2d 243.
The trial Judge had the files before him, had presided over the final hearing in the divorce action, and was familiar with the case. Neither party has demonstrated an abuse of discretion in awarding appellee $3,000.00 for services rendered by her attorneys in the lower Court.
The other question raised by appellant has been considered by the Court and found to be without merit.
On cross-appeal Mary asserts that the trial Court erred in refusing to allow recovery for the cost of taking two depositions which were not introduced into evidence.
Whether recovery for the cost of taking depositions may be allowed rests in the sound discretion of the trial Court.
Costs of depositions have been held to be taxable if they serve a useful purpose, even though not introduced into evidence, Lockwood v. Test, Fla.App. 1964, 160 So.2d 142; Buyer Finance Corporation v. Oliveros, Fla.App. 1967, 196 So.2d 451; Cohn v. Florida National Bank at Orlando, Fla.App. 1969, 223 So.2d 767.
For the reasons set forth, that part of the order granting appellee $1,000.00 for services rendered in the appeal taken by appellant in 1970 is reversed, and the order is affirmed in all other particulars. In remanding the cause, however, jurisdiction is specially conferred upon the trial Judge to consider the taxing of costs for the two depositions in question, if he has not already considered it in the light of the cases cited above.
Affirmed in part and reversed in part and remanded with directions to enter an order in accordance with this opinion.
HOBSON, Acting C.J., and McNULTY, J., concur.