278 So.2d 313 (1973)
PAN AMERICAN BANCSHARES, INC., Appellant,
v.
David L. TRASK, Appellee.
No. 72-1154.
District Court of Appeal of Florida, Third District.
June 5, 1973.
*314 Roman & Roman, Miami, for appellant.
Herman Grayson, Miami Beach, for appellee.
Before PEARSON, CHARLES CARROLL and HAVERFIELD, JJ.
PER CURIAM.
The appellant was the defendant in the trial court. It appeals a final judgment entered upon a jury verdict. Five points are presented for our consideration. The thrust of appellant's primary argument contends that the evidence was insufficient to support an oral contract because the evidence demonstrated a difference of understanding pertaining to the terms of the contract, and therefore there was no "meeting of the minds." Our review of the record convinces us that the question of the exact terms of the contract was properly submitted to the jury. Each party testified to the creation of a contract, the only disagreement being related to a variance in understanding as to certain terms. Therefore the cause was properly submitted to the jury. See Miami Coin-O-Wash, Inc. v. McGough, Fla.App. 1967, 195 So.2d 227.
Appellant's second point urges error as a result of the court's ruling upon the admissibility of certain testimony, while the third point urges error upon the court's denial of a motion for new trial. Neither one of these points presents reversible error because no violation of an established rule of law has been shown, and the rulings made were within the special province of the trial judge.
The fourth point urges error in the assessment of costs, but we find that the allowance of the items noted was within the court's discretion. Cf. Cohn v. Florida National Bank at Orlando, Fla.App. 1969, 223 So.2d 767.
Appellant's fifth and final point claims that the jury verdict was a compromise verdict and that the court erred in failing to set aside the verdict. Appellant has failed to show any fact indicating a compromise verdict except that the verdict was in round figures. Such an argument is not sufficient.
Affirmed.