311 So.2d 762 (1975)
MILLER YACHT SALES, INC., a Florida Corporation, Appellant,
v.
Amella M. SCOTT et al., Appellees.
No. 73-1221.
District Court of Appeal of Florida, Fourth District.
May 2, 1975.
Paul V. DeBianchi, Andrews, Lubbers & Obrig, Fort Lauderdale, for appellant.
William E. Blyler, Patterson, Maloney & Shankweiler, Coral Springs, for appellees.
DOWNEY, Judge.
On October 6, 1969, appellee Amelia Scott entered into a contract with appellant Miller Yacht Sales, Inc., for the purchase of a 60 foot motor yacht for the sum of $173,242.80. As part of the contract appellee Scott paid a deposit of $10,500.00 and traded in a 27 foot Magnum boat, title to which was in Scott and appellee Watson, and for which a $14,500.00 credit was to be allowed on the purchase price of the 60 foot yacht. The only other pertinent part of the contract provided:
"Upon the failure or refusal of the purchaser to complete said purchase within *763 one month after formal demand for delivery, the cash deposit may be retained as liquidated damages and, in the event a used boat has been taken in trade, if the used boat has been sold by the Dealer, the amount received therefor, less a selling commission of twenty five per cent (25%) and less any other expenses incurred, shall be returned to the Purchaser." (Emphasis added.)
Apparently having had a change of mind, Ms. Scott notified appellant on October 24, 1969, that she wished to cancel the contract to purchase the yacht and requested a return of her deposit and the Magnum boat. Appellant declined to return either. Instead, on November 14, 1969, it sued appellees for specific performance, or, in the alternative, damages. Appellant thereafter sold both boats, the 27 foot Magnum for $8,840.00 and the 60 foot motor yacht for $155,000.00.
In May 1970, appellees filed amended answers containing affirmative defenses and a counterclaim by appellee Scott. As affirmative defenses to appellant's action, appellees cited (a) appellant's retention of the $10,500.00 cash deposit Scott had made, and (b) appellant's refusal to return the Magnum boat, despite demands for return of the deposit and the boat. As a counterclaim, appellee Scott alleged appellant had converted the Magnum boat on or about February 22, 1970.
After trial on the merits the court found that "[appellant] by its refusal to return the earnest money deposit made by [Scott] after demand therefor, exercised under the terms of the contract its option to treat [appellees'] breach as one calling for liquidated damages and waived its rights to bring any other action on the contract." It thereupon entered judgment against appellant on its complaint, and it entered judgment for the appellee Scott in the sum of $5,570.76 on her counterclaim, together with interest from February 19, 1970.
It is appellant's contention here that upon Scott's repudiation of the contract between the parties, appellant was entitled to retain the deposit as liquidated damages and in addition to sue for specific performance, or damages, since the liquidated damages provision of the contract did not provide an exclusive remedy but merely provided a remedy that was cumulative with other remedies. Section 672.2-719(1)(b), F.S. 1973, makes it clear that the provision for liquidated damages in the contract in this case is not an exclusive remedy. However, the foregoing section makes it equally clear that the liquidated damages provision of the present contract is an optional remedy. Appellant's exercising of its option to retain the deposit as liquidated damages precluded it from obtaining specific performance (or other relief) because of the rule that "the injured party should not be allowed to enforce and receive specific performance and at the same time get judgment for damages for a total breach." 5A, Corbin on Contracts, § 1222, pp. 474-475. Hence, the trial court properly found that appellant's election to keep the deposit as liquidated damages precluded it from pursuing the other remedies set forth in its complaint. Cf. Carolinas Cotton Growers Association, Inc. v. Arnette, 371 F. Supp. 65 (D.C.S.C. 1974).
Appellee Scott has cross-appealed from the part of the final judgment that awarded her $5,570.76, together with interest from February 19, 1970, on her counterclaim. The trial judge found that appellant converted the Magnum boat which appellee Scott had delivered to appellant as a trade-in. However, he allowed appellant a credit against the sales price of the Magnum boat for (a) $1,059.24 expenses appellant incurred in handling and selling the boat, and (b) a sales commission of $2,210.00.
Appellees adduced proof to support their allegation that appellant had converted their boat in February 1970. In addition, they proved that the value of the boat at that time was at least $12,000.00. Therefore, the final judgment should have awarded appellee Scott the value of the *764 Magnum boat on the date of the conversion (as that date was pleaded and proved), together with interest from that date. However, the final judgment should not have allowed appellant a credit for its expenses and a commission on the sale of the appellees' boat, since that would be tantamount to allowing appellant to profit by its own wrongdoing.
Appellees' final point on the cross appeal is that the trial court erred in refusing to tax the cost of two depositions taken by appellees because the depositions were not offered in evidence at the trial. Appellant-cross-appellee in response does not contend the taking of said depositions was not useful in preparation for trial. It simply argues that the awarding of costs is a discretionary matter with the trial judge.
Unquestionably, taxing costs involves an exercise of discretion by the trial judge. However, the question whether that discretion was properly exercised is subject to appellate review. No lawyer worth his salt proceeds to trial today without determining in advance the strength and weakness of his adversary's case via the discovery process. Because the taking of depositions can be of utmost importance, the test for recovering the cost of such taking should not be whether the depositions are offered in evidence or are used extensively in impeachment of witnesses; rather, the test should be the one suggested in Lockwood v. Test, Fla.App. 1964, 160 So.2d 142, and Fatolitis v. Fatolitis, Fla. App. 1973, 271 So.2d 227, namely, whether the taking of the depositions in question served a useful purpose. This test will foster the reasonable and judicious use of the discovery process by denying an allowance of costs for excessive use of that process.
It may be the trial judge determined here that the depositions in question did not serve a useful purpose. However, we cannot tell from the summary denial of the application for assessment of costs whether he did so determine. But since he is in the prime position to do so, we feel that on remand he should make such a determination and allow or disallow the cost items accordingly.
For the foregoing reasons, the final judgment for appellees on appellant's complaint is affirmed. The portion of the final judgment which awarded appellee Scott the sum of $5,570.76, together with interest is reversed, and the cause is remanded with directions to amend the final judgment to award appellee Scott $12,000.00 together with interest thereon from February 19, 1970, and to determine whether the depositions in question served a useful purpose or not and dispose of the motion to tax costs accordingly.
Affirmed in part, reversed in part, and remanded.
CROSS, J., and VANN, HAROLD R., Associate Judge, concur.