QUESTIONS: 1(a). Is the clerk of the county court entitled to an additional filing fee if in the original complaint the claim for damages is under $1,000 but the counterclaim is between $1,500 and $2,500? 1(b). Does Rule 7.100(d), Florida Rules of Summary Procedure, apply? 2. To whom are accrued costs paid for change of venue, pursuant to s. 47.191, F. S., and what costs may be involved when the plaintiff has paid filing and service of process fees?
SUMMARY: The county court clerk is not entitled to an additional filing fee or service charge when a counterclaim exceeding $1,500 but less than $2,500 is filed in an action pending in county court. Rule 7.100(d) RSP does not apply where the demand of the counterclaim in such action does not exceed the jurisdictional limits of the county court, since the action remains pending in the court in which it was filed. Pursuant to s. 47.191, F. S., governing those changes of venue prescribed in ss. 47.091-47.181, F. S., the party requesting a change of venue is required to pay all taxable costs accruing in the action to the person (e.g., clerk of court, sheriff, court reporter) furnishing official services to either party to such action or, where appropriate, to reimburse the adverse party to the action for any taxable costs paid by the adverse party, as specified in the order of the transferring court. AS TO QUESTION 1(a): Since the 1972 amendment to s. 1, Art. V, State Const., became effective, the formerly independent small claims courts have been a part of the county court system. The only difference between a small claim — one in which the claim is less than $1,500 — and any other civil action in county court is that the Rules of Summary Procedure, instead of the Rules of Civil Procedure, are used in adjudicating a claim of less than $1,500. See Rule 1.010 RCP and Rule 7.010 RSP. The statute that establishes the filing fees for actions in county court, s. 34.041(1), F. S., provides, in pertinent part: (1) Upon the institution of any civil action or proceeding in county court, the plaintiff, when filing his action or proceeding, shall pay the following filing fees: (Emphasis supplied.) (a) For all claims less than $100 . . $3.50 (b) For all claims of $100 and less than $1,000 . . $10.00 (c) For all claims of $1,000 or more . . $15.00. In the factual situation presented in the first question, the plaintiff instituted the civil action in county court and paid the proper $10 filing fee. The defendant has filed a counterclaim, but the demand thereof is still within the jurisdiction of the county court. Cf. Rule 1.170(j) RCP, providing that when the demand of a counterclaim exceeds the jurisdiction of the court in which the action is pending, the action will be transferred to a court of the same county having jurisdiction of the amount demanded in the counterclaim upon the counterclaimant depositing with the transferring court an amount sufficient to pay the clerk's service charge in the court to which the action is transferred. Failure to make such a service charge deposit when the counterclaim is filed, or within such other time as the court may allow, operates to reduce the demand of the counterclaim to an amount that is within the jurisdictional limits of the court where the action is pending. This is not the situation presented in your question, since the counterclaim is still within the $2,500 jurisdictional limitation of county court and no statute requires an additional filing fee upon the filing of a counterclaim within the jurisdiction of the court where the action is pending. See also AGO 064-165, concluding that in the absence of a statute no additional filing fee was required when a cause of action was transferred from the law to the equity side of the court because the transfer did not constitute the filing of a new case. It is well settled that fee statutes are to be strictly construed, and no service charge may be made unless clearly provided by law. Bradford v. Stoutamire, 38 So.2d 684 (Fla. 1949). In these circumstances, it must be concluded that the clerk of the county court is not entitled to an additional filing fee upon the filing of a counterclaim in an action pending in such court, the demand of which exceeds $1,500 but is less than $2,500. AS TO QUESTION 1(b): Rule 7.100(d), RSP, does not apply to the question presented because, as pointed out above, the demand of the counterclaim does not exceed the jurisdictional limit of the county court. The fact that the counterclaim is more than $1,500 and thus exceeds the jurisdictional limit of the small claims division (if there is one) and the Rules of Summary Procedure is immaterial: The action remains pending in county court where it was originally filed. Rule 7.100(d) would, of course, apply if the counterclaim exceeded $2,500, the jurisdictional limitation of the county court. Cf. Rule 1.170(j) RCP, discussed above. AS TO QUESTION 2: Section47.191, F. S., provides that no change of venue shall be granted except on the condition that the party requesting the change shall pay all costs that have accrued in the action and, further, that no change will be effective until the costs are paid. The apparent purpose of this statute is to have all accrued costs in the action pending in the transferring court paid before that court transfers the action to the proper court in the new venue; and this statute applies only to those changes of venue and in the circumstances specified and provided for in ss. 47.091-47.181, F. S. Cf. Rules 1.060(b) and 1.170(j) RCP; also cf. s. 28.242, F. S., relating to service charges when a case has been laid by the plaintiff in the wrong venue and requiring the plaintiff to pay another service charge to the clerk of the court in the new venue "in accordance with the statutes applicable in the county or district to which the action is transferred." If the plaintiff moves for a change of venue for one of the reasons specified in ss. 47.091-47.181, supra, the clerk's service charge or filing fee and the sheriff's fee for serving process will already have been paid; and if any other costs have accrued but have not been paid, or have been paid by the defendant in the action, the plaintiff is required to pay them to the person providing the official services to either party to the action, or to reimburse the defendant for any taxable costs paid by him [which might include the cost of taking depositions found by the court to have served a useful purpose, Miller Yacht Sales, Inc. v. Scott, 311 So.2d 762 (4 D.C.A. Fla., 1975)], before the change of venue becomes effective, under the express terms of the statute. Where the defendant is the moving party, the statute would seem to require the defendant to reimburse the plaintiff for any taxable costs paid by the plaintiff as well as the cost of any official services furnished to either party to the action which remains unpaid, e.g., clerk of court, sheriff, court reporter, or costs of depositions. The taxable costs which must be paid or reimbursed to the adverse party lie within the discretion of the court and should, and normally will be, specified in the order of the transferring court.