QUESTIONS: 1. Should a county pay for monthly telephone service and long distance charges for the benefit of the state attorney and public defender? 2. Should a county pay court reporter charges for the purpose of sworn statements of various prospective witnesses prior to or after information or indictment has been filed? 3. Should a county pay for various forms such as affidavits used in line with the input of the state attorney and public defender?
SUMMARY: Pursuant to ss. 27.34(2) and 27.54(3), F. S., the county shall provide the state attorney and public defender with all telephone services, which shall include the costs of installation, monthly charges, and long distance calls. When a defendant is discharged or adjudged insolvent pursuant to ss. 939.06, 939.07, and 939.15, F. S., the county should pay all costs of prosecution, including preindictment, preinformation, and deposition costs, when it is determined by the court that such served a "useful purpose." AS TO QUESTION 1: In AGO 073-329, this office ruled that "pending legislative or judicial clarification only the installation costs of telephone service — or the cost of connecting with a central PBX system — should be paid by the county." As discussed in AGO 076-71 judicial clarification was forthcoming. In Schwarz v. Glucker, No. 73-607-CA, 19th Jud. Cir., rendered January 9, 1974, the circuit court ruled that "telephone services," as contemplated in ss. 27.34(2) and 27.54(3), F. S., "shall include all costs of telephone service, installation, monthly charges and long distance telephone calls." As concluded in AGO 076-71: Thus, until judicially or legislatively declared otherwise, I am compelled to adhere to this judicial decision requiring counties to pay for all telephone services of the public defenders and state attorneys. Your first question is answered in the affirmative. AS TO QUESTION 2: This office has previously ruled that pursuant to ss. 939.07 and 939.15, F. S., the county was only responsible for the expenses incurred after the filing of an information or finding of an indictment. See AGO's 075-297, 075-271, 074-301, 072-39, 071-26, and 058-313. Similarly, this office ruled in AGO 075-271 that the expense of obtaining a copy of a deposition of a state witness taken by the defendant is not a proper court cost unless actually introduced into evidence. An identical determination was made with regard to the cost of discovery by the state attorney pursuant to Rule 3.220, Fla. CrPR. To the extent of any conflict, the above opinions are modified or overruled as hereinbelow provided. Pursuant to s. 939.15, F. S., when a defendant is adjudged insolvent or discharged, the costs allowed by law shall be paid by the county where the crime was committed. In 1975 the First and Second District Courts of Appeal adopted the "useful purpose" test in determining what costs are properly taxable costs in criminal actions. Powell v. State,314 So.2d 789 (2 D.C.A. Fla., 1975); Dinauer v. State, 317 So.2d 792
(1 D.C.A. Fla., 1975). The useful purpose test had been in effect for a number of years in regard to civil costs. See Lockwood v. Test, 160 So.2d 142 (2 D.C.A. Fla., 1964); Buyer Finance Corp. v. Oliveros, 196 So.2d 451 (3 D.C.A. Fla., 1967); and Miller Yacht Sales, Inc. v. Scott, 311 So.2d 762 (4 D.C.A. Fla., 1975). The rationale for the adoption of the "useful purpose" test was clearly stated in Miller Yacht Sales, Inc. v. Scott, supra: No lawyer worth his salt proceeds to trial today without determining in advance the strength and weakness of his adversary's case via the discovery process. Because the taking of depositions can be of utmost importance, the test for recovering the cost of such taking should not be whether the depositions are offered into evidence or are used extensively in impeachment of witnesses; rather the test should be . . . whether the taking of the depositions in question served a useful purpose. This test will foster the reasonable and judicious use of the discovery process by denying an allowance of costs for excessive use of that process. The determination as to what constitutes a "useful purpose" is solely within the discretion of the trial judge. Lockwood v. Test, supra; Miller Yacht Sales, Inc. v. Scott, supra; cf. Powell v. State, supra. Therefore, when a defendant is discharged or adjudged insolvent, the county should pay all costs of prosecution, including preindictment, preinformation, and deposition costs when it is determined by the court that such served a "useful purpose." This opinion should not be construed to require the county to pay the expenses of an investigation when no indictment or information is subsequently issued. Your second question is answered accordingly, and the reasoning and conclusion are equally applicable to various forms used by the state attorney and public defender; therefore, your third question is answered accordingly.