CAMPBELL, Judge.
Appellant Lindh requests that this court reverse the trial court’s denial of attorney’s fees under section 57.105, Florida Statutes (1981), for lack of a justiciable issue of either law or fact. We find this issue is without merit. The appellee City of Venice objects to the lower court’s order awarding costs to appellant. Insofar as the City of Venice was required to pay the travel expenses incurred by Lindh in taking depositions and the costs of copies of depositions, the order as to costs is reversed. See Professional Computer Management, Inc. v. Tampa Wholesale Liquor Co., 374 So.2d 626 (Fla. 2d DCA 1979) (costs do not include travel to obtain depositions); Ryan v. Beucher, 360 So.2d 15 (Fla. 2d DCA 1978) (costs improper for copies of depositions). But see State Farm Mutual Automobile Insurance Co. v. Sampaio, 374 So.2d 617 (Fla. 4th DCA 1979) (copies of deposition taxable if served useful purpose).
RYDER, A. C. J., and SCHOONOVER, J., concur.