415 So.2d 120 (1982)
Richard E. SCHUMACHER, Appellant,
v.
Arthur O. WELLMAN, Jr., Individually, and As Executor of the Estate of Nancy S. Wellman, Deceased, and Lost Tree Village Corporation, Appellees.
LOST TREE VILLAGE CORPORATION, Appellant,
v.
Arthur O. WELLMAN, Jr., Individually, and As Executor of the Estate of Nancy S. Wellman, Deceased, and Richard E. Schumacher, Appellees.
Nos. 81-992, 81-1286.
District Court of Appeal of Florida, Fourth District.
June 16, 1982.
*121 David K. Friedman and Robert Sader of Tworoger, Sader & Ferrell, P.A., Fort Lauderdale, for Lost Tree Village Corp.
Slawson & Burman, North Palm Beach, Jane Kreusler-Walsh and Larry Klein, West Palm Beach, for Richard E. Schumacher.
D. Culver Smith, III, of Steel, Hector, Davis, Burns & Middleton, Palm Beach, for Arthur O. Wellman, Jr.
HERSEY, Judge.
The final judgment on appeal here awards a real estate broker's commission from an earnest money deposit forfeited by a defaulting purchaser in the absence of a written agreement specifically requiring that result.
Pursuant to an oral listing agreement between Lost Tree, as broker, and Schumacher, as seller, a purchase and sale agreement was negotiated and ultimately executed by seller and Wellman, the purchaser. Illness of the purchaser's wife resulted in amendment of the agreement, to postpone the closing date, and there were subsequent amendments. Thereafter the purchaser's wife died. Because of his wife's death the purchaser decided not to consummate the transaction and therefore eventually instituted suit against the seller for recovery of the deposit on the grounds that the purpose of the purchase and sale contract had been frustrated by the death of his wife. The broker filed a cross-claim for the recovery of a brokerage commission. Attorneys' fees and costs have also been placed in issue on appeal.
Under the terms of the oral listing agreement the broker was to receive a commission of 6% of the selling price. The listing was to continue for a reasonable time. There was no specific mention of the event of default. It was broker's intention that a commission was earned by finding a purchaser ready, willing and able to purchase the property for $700,000 or at such lower price as might be acceptable to the seller. It was the seller's intention that a commission would be earned only if the transaction closed.
Wellman, being ready, willing and able, executed a purchase and sale agreement constituting an offer of $600,000. After negotiations, this agreement was accepted by Schumacher and executed by him. The purchase and sale agreement made reference *122 to the broker's commission and contained an undertaking by the seller that, in the event of buyer's default the broker would receive one-half of the forfeited earnest money deposit but not to exceed the full commission that would have been payable had the transaction closed. The form contract contained a signature line for the seller to assent to the terms of the commission agreement. That portion of the contract was not signed by Schumacher.
The purchase and sale agreement provided that the commission was payable at closing. It was Schumacher's impression that by refusing to affirmatively assent to the commission-on-default provision that a commission would be payable only if a closing took place. This position was never communicated to the broker.
This appeal concerns only the broker's commission, costs and attorneys' fees. The purchaser has not taken an appeal.
Contrary to appellant's contention, the trial court found and we conclude that there was clearly an agreement, albeit oral, to pay a brokerage commission. Ordinarily, a real estate broker earns his commission upon finding a purchaser ready, willing and able to pay a price which is acceptable to the seller. Hart v. Pierce, 98 Fla. 1087, 125 So. 243 (Fla. 1929). Obviously a seller may, by specific contract entered into before the fact, employ a broker on the basis that a commission will be earned only if and when the transaction is closed. There was no such agreement between Schumacher and Lost Tree. Thus the general rule applies. Expert testimony established that the custom and usage in Palm Beach County entitles the broker, where the buyer defaults and forfeits his deposit, to one-half the deposit but not to exceed the full commission. The trial court so found and the record supports that finding.
In a case remarkably similar to the present one the supreme court directed the trial court to enter a judgment in favor of the broker for one-half the deposit. MacGregor v. Hosack, 58 So.2d 513 (Fla. 1952). Accordingly, we affirm that aspect of the final judgment awarding the broker's commission.
We also affirm the trial court's refusal to grant attorneys' fees to the broker against the buyer, the latter relying on Section 57.105, Florida Statutes (1979), as the basis for such an award. There were justiciable issues raised by the buyer resulting in a two day trial on the merits. This precludes an award of attorneys' fees under the statute. See City of Deerfield Beach v. Oliver-Hoffman Corporation of Deerfield Beach, 396 So.2d 1187 (Fla. 4th DCA 1981). The litigation was not frivolous. Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980).
The request by the broker for attorneys' fees against the seller is apparently based upon the premise that since contracts similar to the one litigated here customarily provide for attorneys' fees, such a condition should be implied to exist and an award made on that assumption. We reject that hypothesis and affirm the final judgment in that respect as well.
Finally, the broker complains of the refusal of the trial court to award certain costs. There were no issues tried between the broker and the buyer. We affirm that aspect of the cost judgment but hold that various elements of cost as between the broker and the seller disallowed by the trial court were recoverable by the former against the latter.
Costs of depositions are taxable if they serve a useful purpose, even though not offered into evidence. Cohn v. Florida National Bank at Orlando, 223 So.2d 767 (Fla. 4th DCA 1969). Similarly, costs of copies of depositions may be taxable if the copies served a useful purpose. State Farm Mutual Automobile Insurance Co. v. Sampaio, 374 So.2d 617 (Fla. 4th DCA 1979). However, where witnesses are not called, the costs of their depositions are not taxable as the issue being served has not been tried. Cohn v. Florida National Bank, supra. In the instant case, without specifying the reasons, the trial court awarded broker the cost of three depositions but did not *123 allow the costs of copies and original transcripts of other depositions.
The trial court also refused to tax costs for the court reporter's per diem charge for transcribing the trial and the cost of transcribing certain portions of the trial for use in broker's final argument memorandum. These costs are authorized by Section 57.071(2), Florida Statutes (1981), which provides that "[i]f costs are awarded to any party the following shall also be allowed: ... (2) The expense of the court reporter for per diem, transcribing proceedings and depositions, including opening statements and arguments by counsel." Regardless of the apparently mandatory language of the statute, however, the requirement that costs be related to a useful and meaningful purpose is not altered. Wilkins v. SuperX Drugs of Florida, Inc., 232 So.2d 19 (Fla. 4th DCA 1970).
It is unclear whether the trial court considered the requests for costs in terms of the "useful purpose" guideline. Accordingly, the cost judgment as between the broker and the seller is reversed and remanded for a determination (as to each item including copies of depositions) whether it served a useful purpose.
The final judgment is affirmed; the order on amended motion to tax costs is reversed and remanded for reconsideration in view of the useful purpose test.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
DOWNEY, J., and OWEN, WILLIAM C., Jr., (Retired), Associate Judge, concur.