## THORNTON v. DESJARDIN

Case No. 82-200 AP & 82-226 AP

Eleventh Judicial Circuit, Appellate Division, Dade County

June 17, 1983

### APPEARANCES OF COUNSEL

**Frederick E. Hasty, III, Thornton & Herndon,** for appellant.

**Edward Conrad Sawyer** and **Ronald P. Ponzoli** for appellees.

Before BARAD, SALMON, SHAPIRO, JJ.

### OPINION OF THE COURT

THOMAS G. O'CONNELL, County Judge.

This is an appeal from the County Court of Dade County, brought on behalf of the Plaintiff/Appellant, Jane Elizabeth Thornton, against the Defendant/Appellee, Donald Desjardin d/b/a D & A Auto Service, for damage as a result of an alleged trespass and unauthorized painting of a 280-Z automobile owned by the Appellant.

On February 26, 1981, the Appellant's automobile was delivered to Alan Greenberg, the owner of Alan's Shell Service Station, located on South Dixie Highway, for the purpose of repairing a clutch on the automobile. While (for eleven days) the automobile was on the prem-

50

ises of Alan's Shell Service Station, one of the employees of Alan Greenberg negligently permitted brake fluid to spill onto the surface of the hood and front fenders, thereby causing destruction of the paint and finish of the automobile.

Greenberg did not tell Ms. Thornton that the spillage of brake fluid had occurred prior to selecting Desjardin to repaint the car. Desjardin painted the car. Subsequently, the brake fluid ate its way through the new coat of paint and surface causing further destruction of the paint and necessitating the car be stripped and repainted.

The case came on for trial on February 22, 1981. At the trial of this cause, the Appellee/Desjardin denied that the damage done to the paint on the automobile owned by the Appellant was caused by the spillage of brake fluid heretofore admitted by Greenberg. As a result, Plaintiff had to retain the services of an expert witness, Professor Don Roach, a chemical analyst who took paint samples from the affected areas on the hood and fenders of the automobile and scientifically analyzed said paint samples including the droplets of brake fluid and concluded that the damage done to the automobile was in fact the brake fluid which Desjardin negligently failed to remove when he repainted the car owned by the Appellant. The jury returned a verdict in favor of the Appellant finding Desjardin negligent and awarded Appellant $650.00.

A post-trial motion to tax costs against the Appellee totalling $1,202.50 was filed by the Appellant. Six hundred twenty five dollars of the total requested $1,202.50 was the consulting chemist's bill (Professor Don Roach), for his time spent in research and testimony during trial. The Trial Court awarded only $150 to Professor Roach. Appellant contends that the court abused its discretion in failing to permit Plaintiff's expert witness to be adequately compensated and in denying other items of cost incurred by Appellant.

A request for attorney's fees pursuant to Section 57.105 F.S.A., was contained in the pleadings on the grounds that the defense was frivolous and there was an absence of an issue of law or fact. The Motion was denied by the Court. Appellant contends the Court abused its discretion and erred in not awarding the attorney's fees.

It is well settled in Florida that the taxing of costs is discretionary with the Court, but the exercise of that discretion is subject to Appellate Review. *State Farm v. Sampaio,* 374 So.2d 617 (Fla. 4th DCA 1979). The recovery of costs is provided to the prevailing litigant by way of Florida Statute Section 57.041(1), which provides in pertinent part:

"The party recovering judgement shall recover all his legal costs and charges which shall be included in the judgment.

The Appellant claims that the items for which the trial Court refused to award costs to the Appellant and for which the trial Court abused its discretion include the following items:

| | |
|---|---|
| Transcript of the Deposition of Donald Desjardin .. | $95.50 |
| Transcript of the Deposition of Appellant, Jane E. Thornton ................................. | 52.50 |
| Transcript of the Deposition of Alan Greenberg.... | 145.00 |
| TOTAL .................................. | $293.00 |

The depositions of Desjardin and Greenberg were used for impeachment purposes at trial and were useful to the Plaintiff in preparing her allegations of negligence against Greenberg. By taking Greenberg's deposition the Plaintiff discovered the identity of the person who painted her car, which turned out to be the Appellee, Desjardin. Our Courts will tax costs of a deposition if useful to the prevailing party in the preparation for the trial of a case. *Cohn v. Florida National Bank of Orlando,* 223 So.2d 767 (Fla. 3rd DCA 1969), holds that the prevailing party is entitled to have the cost of a deposition taxed against the unsuccessful litigant if the deposition serves a useful purpose. *Buyer Finance Corp. v. Oliveros,* 196 So.2d 451 (Fla. 3rd DCA 1967), *Lockwood v. Test,* 160 So.2d 142 (Fla. 2d DCA 1964). In *Miller Yacht Sales v. Scott,* 311 So.2d 762 (Fla. 4th DCA 1975), the Court provided a guideline to trial courts in the exercise of the discretion in awarding costs. That Court held:

"Unquestionably, taxing costs involves an exercise of discretion by the trial judge. However, the question whether that discretion was properly exercised is subject to appellate review. No lawyer worth his salt proceeds to trial today without determining in advance the strength and weakness of his adversary's case via the discovery process. Because the taking of depositions can be of the utmost importance, the test for recovering the costs of such taking should not be whether the depositions are offered in evidence or are used extensively in impeachment of witnesses; rather, the test should be the one suggested in *Lockwood v. Test,* namely, whether the taking of depositions in question served a useful purpose." (at page 764)

The depositions in question are the depositions of all the parties to the litigation. Professor Roach holds a Ph.D degree in chemistry and was retained by the Appellant to perform a chemical analysis of the paint

from the hood and front fenders of her car. Roach also testified at the trial and spent one and one-half hours on the witness stand.

Requiring Appellant to go to trial and carry her burden of proof was the doing of the Appellee and since the Appellee was the unsuccessful litigant, the Appellant is entitled to recover the expert witness fee paid to Professor Roach in the amount of $650.00.

The Florida Legislature has enacted legislative relief in the form of Section 57.105, which provides as follows:

"The Court shall award a reasonable attorneys fee to the prevailing party in any civil action which the Court finds that there was complete absence of justifiable issue of either law or fact raised by the losing party."

In this case, there was an absence of a justifiable issue as was clearly expressed on the record by the Appellee's counsel to the Court concerning his own client's culpability and negligence.

The Third District Court of Appeals in *Hernandez v. Leiva*, 391 So.2d 292, 295 (Fla. 3rd DCA 1980), expressed the legislative purpose and public policy of Section 57.105 by holding:

"In certain schools of litigation, 'stonewalling' is considered better than no defense at all; but the Florida Legislature, in exercise of its authority and wisdom, has, by the enactment of Section 57.105, supra, decided to place a price tag upon such unwarranted litigation,"

Defendant/Appellee Desjardin forced the Appellant into an "unwarranted" trial to obtain her rightful judgment for the admitted negligence of Defendant/Appellee Desjardin.

Under these facts and circumstances, it is clear that the trial court abused its discretion in not awarding attorney's fees pursuant to Section 57.105 F.S.A.

To deprive the Appellant of her attorney's fees against the Appellee is to reward "stonewalling and unwarranted litigation."

Accordingly, the Trial Court is directed to award costs to the Appellant as follows:

1) $95.50 for transcript of deposition of Donald Desjardin

2) $145.00 for transcript of deposition of Alan Greenberg

3) $650.00 to Professor Roach as and for his expert witness fee

The Trial Court is further directed to set a hearing for the purpose of determining the amount of attorney's fees to be awarded to counsel for

Appellant for legal services rendered in behalf of Plaintiff at the Trial Court level.

The Appellant is awarded attorney's fees in the amount of $750.00 as and for attorney's fees for prosecuting this appeal.

Reversed.