FRANK, Judge.
The instant appeal stems from a tort action in which it was claimed that the defendant/appellant (Winn-Dixie) was negligent in the maintenance of its premises at the moment the plaintiff/appellee (Vote) slipped and fell, allegedly as a result of a discarded cigarette butt being permitted to remain on the floor. Following a jury trial, a verdict was rendered for Winn-Dixie. Thereafter, Winn-Dixie moved the lower court, with a supporting affidavit, for the entry of an order granting the costs it incurred in connection with the defense. Following a hearing the lower court entered a judgment for costs awarding Winn-Dixie the sum of $277.50 representing the court reporter’s fee for appearing at the trial. The lower court disallowed $3,492.28, the balance of the costs sought by Winn-Dixie which, for the most part, were expenses generated by the taking of depositions, the procuring of medical records, witness fees, the subpoenae costs associated with discovery, and the cost of a photographer’s services. Thus the sole issue is whether the lower court abused its discretion in limiting Winn-Dixie’s cost recovery to the one court reporter’s fee. We conclude that it did.
The record discloses that with the exception of some items appearing on the supporting affidavit, reflecting a total expenditure of $200.50, every other item for which Winn-Dixie sought recovery was directly related to the trial and the development of the defense. Hence, by our computation, Winn-Dixie is entitled to recover costs in the amount of $3,291.78 from Vote.
Eight depositions, the cost of which was rejected by the lower court as compen-sable, were read to the jury without objection from Vote’s counsel. It is now urged by Vote, however, that the eight depositions were “cumulative” and “unnecessary.” Our rejection of that contention does not require reference to authority. In the context of this proceeding, we further reject Vote’s reliance upon Travis v. Blackmon, 155 So.2d 698, 699 (Fla. 1st DCA 1963), as support for the notion that the “less expensive method of affidavits and interrogatories” could have substituted for the deposition evidence. The comment in Travis arose from the disallowed cost of depositions in a summary judgment proceeding under circumstances where only the parties were deposed, the depositions were intended only for discovery purposes, and the factual setting was “simple and noncontroversial.” Travis is inapposite.
In reaching our end-point, we do not attempt to gainsay that a trial court is endowed with discretion in the exercise of its equitable power to award costs. Department of Revenue v. Amrep Corp., 358 So.2d 1343 (Fla.1978). But the exercise of that discretion is reviewable. State Farm Mutual Automobile Insurance Company v. Sampaio, 374 So.2d 617 (Fla. 4th DCA 1979); Miller Yacht Sales, Inc. v. Scott, 311 So.2d 762 (Fla. 4th DCA 1975). It is well settled in this and at least one other District that the cost of depositions may be taxed against the non-prevailing party if such depositions “serve a useful purpose, even though not introduced into evidence.” Fatolitis v. Fatolitis, 271 So.2d 227, 229 (Fla. 2d DCA 1973); Shumacher v. Well-man, 415 So.2d 120, 122 (Fla. 4th DCA 1982). See Lindh v. City of Venice, 411 So.2d 351 (Fla. 2d DCA 1981). In the present proceeding, it is undisputed that eight depositions were used by counsel for Winn-Dixie upon the trial either de bene esse or for impeachment purposes.
*461 Accordingly, we reverse and remand this matter to the lower court for the purpose of taxing costs consistent with this opinion,
OTT, A.C.J., and CAMPBELL, J., concur,