PER CURIAM.
Appellee, Glen Godwin, commenced this action in the trial court on a complaint which alleged that Sentinel Enterprises, Inc. had breached a written employment agreement to hire him for a period of one year, pay his temporary living accommodations, and his costs for relocation and transportation. Sentinel's main defense was that Godwin and John Stankiewicz, Sentinel’s chief financial officer, committed fraud in the execution of an unauthorized contract between Godwin and Sentinel.
Sentinel’s renewed motion for summary judgment on Godwin’s wages claim was granted and only the claim for transportation and relocation costs was submitted to the jury. The jury returned a verdict in favor of Godwin for $4,139.59 (remitted by agreement) for expenses.
As the first issue in this appeal, Sentinel contends that the trial court incorrectly excluded proffered evidence which allegedly would have proved that the contract being sued upon was obtained by fraud and that the fraud also tainted the claim for transportation and relocation costs. We conclude, however, that Godwin’s entitlement to relocation costs was not affected by any fraud in the written employment contract.
There can be no dispute that Stankiewicz had the authority to hire Godwin because Godwin, in fact, was hired and, pursuant to the employment agreement, moved to Miami from Houston, Texas. Fraud was shown only as to the compensation terms. On Godwin’s claim for moving costs reimbursement there was no issue whether Sentinel was contractually obligated to pay some relocation costs; Sentinel disputed only part of the costs claimed by Godwin. In the absence of contractual terms specifying which relocation costs were reimbursable, the question was properly submitted *289 to the jury. See Hoffman v. Terry, 397 So.2d 1184 (Fla. 3d DCA 1981); Pan Am. Bancshares, Inc. v. Trask, 278 So.2d 313 (Fla. 3d DCA 1973). The judgment entered on the jury verdict suffers no infirmities.
On a second issue, we agree with Sentinel that, by virtue of the summary judgment entered adverse to Godwin on his claim for unpaid wages or salary, Sentinel is a prevailing party under section 448.08, Florida Statutes (1987), and is, therefore, entitled to attorney’s fees. See James W. Gardner Corp. v. Twomey, 496 So.2d 946 (Fla. 2d DCA 1986); Ferry v. XRG Int’l, Inc., 492 So.2d 1101 (Fla. 4th DCA 1986) (one year’s salary to which employee was entitled under employment contract constituted “wages” for purposes of attorney’s fees statute, enabling court to award reasonable attorney’s fees).
The remaining issues are without merit.
Affirmed in part, reversed in part, and remanded for a hearing on Sentinel’s claim for attorney’s fees.