POLEN, Judge.
Southeast Florida Cable, Inc. d/b/a Adel-phia Cable Communications (Adelphia) appeals from two final cost judgments entered after it prevailed in its action against WJB Television Limited Partnership as general partner of WJB-TV Ft. Pierce Limited Partnership d/b/a Coastal Wireless Cable Television (Coastal), as well as in the counterclaim Coastal brought against it.[1] We affirm in part and reverse in part.
Adelphia first argues that the trial court erred by drastically reducing the fees charged by its retained experts. Adelphia *92 claims that the trial court acted arbitrarily and unreasonably by only awarding a total of $8,000.00 for its retained experts when it sought an amount reaching almost $40,000.00 as fees for these experts. On appeal, Adel-phia emphasizes that the affidavits of these experts established that the work they performed was reasonable and necessary and the fees they charged were reasonable based on the market.
The trial court is not compelled to blindly accept the affidavits of experts attesting to the reasonableness of their fees. Further, Adelphia has not met its burden of proving that the trial court abused its discretion by reducing the fee amounts. Adelphia did not provide a transcript of the cost hearings in the trial court, without which it is impossible to ascertain the trial court’s reasoning for reducing the fee amounts. See Bostwick v. Bostwick, 201 So.2d 779 (Fla. 4th DCA 1967) (it is incumbent upon appellant to bring to appellate court record necessary for determination of appeal); Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979) (without a record of the trial proceedings, the appellate court cannot properly resolve the underlying factual issues so as to conclude that the trial court’s judgment is not supported by the evidence or by an alternative theory). Without such a transcript, Adelphia has not met its burden of proving that the reduction in expert witness fees was unreasonable or arbitrary. This is especially so in light of the broad discretion the trial court is afforded in taxing costs, as well as awarding fees for experts. Durrance v. Sanders, 329 So.2d 26 (Fla. 1st DCA), cert. denied, 339 So.2d 1171 (Fla.1976). Accordingly, we affirm the portion of the cost judgments awarding expert witness fees to Mr. Book, Mr. MeChesney and Mr. Herrup.
Adelphia also contends that the trial court erred in denying Adelphia the costs of depositions that were reasonable and necessary under the facts and circumstances of the case. The crux of Adelphia’s argument is that the trial court used an improper standard for determining whether the costs for these depositions should be awarded, a standard which was propounded by Coastal in its response to Adelphia’s motions for costs. In its response Coastal claimed that the cost of depositions can only be assessed if it is proved that the transcripts served a useful purpose at trial.
We agree that the above standard is improper for determining whether deposition costs should be taxed. Even without a transcript of the cost hearing, it appears likely that the trial court relied on this improper rule; first because it was the rule clearly argued by Coastal, and second because the only deposition that the trial court did award costs for, was the one used at trial. As this court previously recognized in Miller Yacht Sales, Inc. v. Scott, 311 So.2d 762, 764 (Fla. 4th DCA 1975), cert. denied, 328 So.2d 843 (Fla.1976), the standard is not whether the depositions served a useful purpose at trial, but whether they served a useful purpose at all. In Miller, we effectively explained the reasoning for using such a standard, as follows:
Unquestionably, taxing costs involves an exercise of discretion by the trial judge. However, the question whether that discretion was properly exercised is subject to appellate review. No lawyer worth his salt proceeds to trial today without determining in advance the strength and weakness of his adversary’s case via the discovery process. Because the taking of depositions can be of utmost importance, the test for recovering the cost of such taking should not be whether the depositions are offered in evidence or are used extensively in impeachment of witnesses; rather, the test should be the one suggested in Lockwood v. Test, [Fla.App.1964, 160 So.2d 142] (citation omitted), and Fatolitis v. Fatolitis, [Fla.App.1973, 271 So.2d 227] (citation omitted ), namely, whether the taking of the depositions in question served a useful purpose. This test will foster the reasonable and judicious use of the discovery process by denying an allowance of costs for excessive use of that process.
Accordingly, we reverse and remand for the trial court to determine whether Adelphia should recover costs for the taking of deposi- *93 Rons, in accordance with the standard we previously set out in Miller.
AFFIRMED IN PART, REVERSED IN PART.
GUNTHER, C.J., and DELL, J., concur.

. The merits of Adelphia’s judgments were considered in a separate appeal, Southeast Florida Cable, Inc. v. Islandia I Condominium Association, 650 So.2d 1005 (Fla.1995) (per curiam affirmed).