[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 8, 2009
THOMAS K. KAHN
CLERK

No. 08-12908
Non-Argument Calendar
_____

D. C. Docket No. 05-80885-CV-KLR

JANICE MURRAY,

Plaintiff
Cross-Appellee,

CATHLEEN SCOTT, P.A.,

Appellant
Cross-Appellee,

CATHLEEN A. SCOTT, Esq.

Appellant,

versus

PLAYMAKER SERVICES, LLC,
a Florida corporation,
JOEL JOEL "BRILL" MAXWELL,
an individual,
WAY COOL PLAYGROUNDS, INC.,

Defendants-Appellees
Cross-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(May 8, 2009)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

This is an action brought by Janice Murray against Playmaker Services,

LLC (Playmaker), Joel Joel "Brill" Maxwell, and Way Cool Playgrounds, Inc.

(Way Cool) under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and

Florida law. The district court granted the defendants' motion for summary

judgment on September 25, 2007, and entered a final judgment pursuant to that

order on October 23, 2007. On November 19, 2007, the defendants moved the

court to impose sanctions against Murray, pursuant to Fla. Stat. § 448.08, and

against her counsel, Cathleen Scott, P.A. and Cathleen Scott (collectively "Scott"),

pursuant to 28 U.S.C. § 1927.[1] In an order entered on April 23, 2008, the court

_____

[1] Section 1927 provides:

Any attorney or other person admitted to conduct cases in any court of the United
States or any Territory thereof who so multiplies the proceedings in any case
unreasonably and vexatiously may be required by the court to satisfy personally
the excess costs, expenses, and attorneys' fees reasonably incurred because of
such conduct.

2

denied the motion as it applied to Murray, but granted the motion as it applied to her counsel and ordered counsel to pay the defendants $23,375 in attorney's fees.[2] Scott now appeals the court's imposition of the § 1927 sanctions; the defendants cross-appeal the court's denial of sanctions against Murray. We consider first Scott's appeal, then the defendants' cross-appeal.

Scotts argues that the court abused its discretion in imposing sanctions under § 1927 without holding an evidentiary hearing. In the district court, Scott did not object to the court's failure to hold an evidentiary hearing; rather, she raises the issue for the first time on appeal. We do not consider on appeal issues not raised in the district court. See e.g., BUC Int'l Corp. v. Int'l Yacht Council Ltd., 489 F.3d 1129, 1140 (11th Cir. 2007). The issue before us, then, is whether the district court abused its discretion in holding Scott amenable to sanction under § 1927. Schwartz v. Million Air, Inc., 341 F.3d 1220 (11th Cir. 2003). We find no abuse of discretion. The record fully supports the reasons the court articulated in its April 23, 2008 order as the bases for the action it took, and therefore affirm its decision.

---

[2] The court held that "plaintiff's counsel . . . responsible for defendants' attorney's fees incurred after the conclusion of discovery, the point at which [counsel] should have been aware that the suit was meritless." Order at 6.

We likewise find no abuse of discretion in the court's decision denying sanctions against Murray. Under § 448.08, "[t]he court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee." Fla. Stat. § 448.08. "Section 448.08 is clear and unambiguous on its face: there must be 'an action for back wages' to implicate the statutory entitlement." Dade County v. Pena, 664 So.2d 959 (Fla. 1995) (citation omitted). Unpaid commissions are considered wages under § 448.08. Gulf Solar, Inc. v. Westfall, 447 So.2d 363, 367 (Fla. Dist. Ct. App. 1984).

"[B]y virtue of [a] summary judgment [order] entered adverse to [an employee] on his claim for unpaid wages or salary, [the employer] is [the] prevailing party under [Fla. Stat. § 448.08], and is, therefore, entitled to attorney's fees. Sentinel Enters., Inc. v. Stankiewicz, 545 So.2d 288, 289 (Fla. Dist. Ct. App. 1989). However, "[Fla. Stat. §] 448.08 attorney's fees do not apply to [claims brought as] independent contractors." Goodwin v. Blu Murray Ins. Agency, Inc., 939 So.2d 1098, 1102-03 (Fla. Dist. Ct. App. 2006); see also Caldwell-Davis Constr. Corp. v. Hoover, 461 So.2d 973, 973 (Fla. Dist. Ct. App. 1984) (holding that Fla. Stat. § 448.08 only applies to actions brought by an "employee" to recover "unpaid wages"). As the district court properly found, Murray was an independent contractor.

AFFIRMED.

4