87 So.2d 582 (1956)
Albert Louis HARVEY and Jack W. Donaldson, Appellants,
v.
STATE of Florida, Appellee.
Supreme Court of Florida. Division B.
May 23, 1956.
*583 Robert J. Fishkind, Tampa, for appellant.
Richard W. Ervin, Atty. Gen., and Jos. P. Manners, Asst. Atty. Gen., for appellee.
ROBERTS, Justice.
In this appeal from judgments convicting appellants of the robbery of one Dominguez, the appellants contend that they are entitled to a new trial because of the insufficiency of the evidence to prove beyond a reasonable doubt their identity as Dominguez's assailants.
Dominguez testified positively that the appellants were the ones who assaulted and robbed him, and his testimony as to the circumstances leading up to the robbery was corroborated by a State's witness. The appellants admitted that they were with Dominguez prior to the time the robbery occurred, but sought to establish an alibi. The jury resolved the conflicts in the evidence against the appellants, and this court has no authority to substitute its conclusions for that of the jury in this respect. The evidence adduced by the State was amply sufficient, if believed by the jury, to establish the identity of the appellants as the robbers. Accordingly, this contention cannot be sustained.
The appellants also contend that the trial judge erred in refusing to grant them a new trial on the ground of newly discovered evidence. The rule in this respect has been recently restated in McVeigh v. State, Fla. 1954, 73 So.2d 694, 698, as follows:
"This court is committed to the rule that a new trial will not be granted for newly discovered evidence unless such evidence was discovered after the former trial, that due diligence must have been shown to have it at the former trial, that it must be material to the issue, it must go to the merits of the case, it must not be cumulative and it must be such as would produce a different verdict".
The ground of appellants' motion in this respect was that a material witness, who would have testified that appellants "were at another place at the time the alleged crime was committed", was in another state at the time of trial and that "his whereabouts were ascertained too late to get him to Tampa on the trial date." It can thus be seen that the evidence was not "discovered after the former trial," nor is there anything in the record to show that the appellants used "due diligence" to have this evidence presented at the trial. If, in fact, the witness would have testified that the appellants were aboard their ship at the time of the robbery, as here stated by appellants (and we have only their word for it), it cannot be said with any certainty that the jury's verdict would have been any different. It was not, therefore, error to deny the motion for new trial.
We have also considered the remarks of the trial judge alleged to have been prejudicial but find no reversible error.
*584 For the reasons stated, the judgments appealed from should be and they are hereby
Affirmed.
DREW, C.J., and THOMAS and O'CONNELL, JJ., concur.