PER CURIAM.
Appellant and a co-defendant were jointly charged and jointly tried on an information containing two counts. The first count charged them with the offense of assault with intent to rob, and the second count with the offense of assault with intent to commit murder. During the trial appellant’s codefendant changed his plea of not guilty to guilty of aggravated assault under the second count of the information, which plea was accepted and the first count nolle prossed. Appellant was convicted under the first count of the information of assault with intent to rob, and from the judgment and sentence imposed upon him this appeal has been taken.
 The principal thrust of the appeal questions the sufficiency of the evidence to sustain the judgment of conviction. We have carefully reviewed the record of the trial proceedings consisting of some 254 pages which reveals the testimony adduced by the material witnesses to be in sharp conflict. The direct evidence appearing in the record, together with all reasonable inferences deducible therefrom, when considered in a light most favorable to the State, must be held to be sufficient to sustain the verdict and judgment. The verdict was rendered by a qualified jury acceptable to both the State and appellant, and the trial was presided over by an experienced and capable trial judge. This court is not at liberty to retry this case on the facts. Neither is it authorized to substitute its judgment for that of the jury which rendered the verdict of guilty, nor for the discretion of the trial judge who refused to set the verdict aside and grant a new trial. Harvey v. State (Fla.1956), 87 So.2d 582.
We have considered the remaining assignments of error with respect to the alleged improper and prejudicial conduct of the trial judge and the county so *353 licitor during -the progress of the trial, but find them to be without substantial merit. The question raised by appellant’s brief regarding the refusal of the trial court to grant a severance was not assigned as error, and therefore cannot be considered on appeal. The judgment is therefore affirmed.
Affirmed.
CARROLL, DONALD K., C. J., and WIGGINTON and RAWLS, JJ., concur.