WILLIAMS, GENE, Associate Judge.
Plaintiff has appealed from an order granting summary final judgment in favor of the defendant, Montague Rosenberg.
Plaintiff filed his complaint against the defendants, Pritikin and Rosenberg, to recover a sum of money allegedly delivered to the defendants, as partners, to be held in escrow according to certain terms and conditions. The plaintiff alleged that he was entitled to return of the funds in accordance with the escrow agreement, and that defendants refused to comply. Defendant Rosenberg moved for summary judgment on the basis of his general affidavit asserting that he had no control over the funds involved in the suit, had nothing to do with the transaction, and that he and defendant Pritikin were not partners. An attorney for plaintiff filed an affidavit to the effect that he had mailed to defendants a check payable to both defendants, accompanied by an escrow letter addressed to both defendants, and that he had received a reply on the letterhead of the defendants.
At the time plaintiff deposed defendant Pritikin, said defendant refused to answer questions concerning how he had disposed of the money, including a question as to whether he had given any of it to defendant Rosenberg. Upon plaintiff’s motion to compel discovery, the trial judge declined to compel answers to these questions from defendant Pritikin at that state of the proceedings.
Appellant contends that the court erred in granting defendant Rosenberg’s motion for summary judgment because genuine issues of fact exist as to defendant Rosenberg’s professional relationship with defendant Pritikin, as to his involvement with defendant Pritikin in the transaction with plaintiff, and as to his responsibility, if any, to plaintiff. Appellee contends that he is entitled to a summary judgment because plaintiff did not file an affidavit controverting Rosenberg’s affidavit.
*690 The burden of a party moving for summary judgment is greater, not less, than that of the plaintiff at the trial. The plaintiff, at trial, may prevail on the basis of a mere preponderance of the evidence. However, the party moving for summary judgment must show conclusively that no material issues remain for trial. Visingardi v. Tirone, Supreme Court of Florida, Opinion filed November 23, 1966, 193 So.2d 601.
It is our opinion that defendant Rosenberg did not meet such burden and that there are genuine triable issues of fact which should be submitted to a jury. Accordingly, the order appealed from is reversed and the cause remanded for further proceedings.
Reversed.