209 So.2d 465 (1968)
Rebecca COHEN, As Administratrix of the Estate of Elsie Weber, Deceased, Appellant,
v.
Johnny DENNIS and Florida Tent Rentals, Inc., a Florida Corporation, Appellees.
No. 67-580.
District Court of Appeal of Florida. Third District.
April 16, 1968.
Rehearing Denied May 15, 1968.
*466 Ephraim Collins, Miami, for appellant.
Carey, Dwyer, Austin, Cole & Selwood and Edward A. Perse, Miami, for appellees.
Before BARKDULL and SWANN, JJ., and LOPEZ, Jr., AQUILINO, Associate Judge.
LOPEZ, JR., AQUILINO, Associate Judge.
Elsie Weber joined by Nathan Weber, her husband, filed an action for damages against Johnny Dennis and Florida Tent Rentals, Inc. Johnny Dennis was never served and Elsie Weber and Nathan Weber have both died and the Administratrix of the Estate of Elsie Weber was substituted as party plaintiff.
Elsie Weber was a passenger in a car which was struck at an intersection by a truck driven by Johnny Dennis, now also deceased, which was owned by Florida Tent Rentals, Inc. At the intersection, the front part of the truck seems to have hit the right side of the car. No depositions of the drivers were taken as both were dead but depositions were taken of the passengers of the truck.
The trial court entered a summary judgment against the plaintiff and in favor of the defendant, Florida Tent Rentals, Inc. The plaintiff therefore filed this appeal.
In an intersection accident even though the party moving for summary judgment had the right-of-way, he is not automatically entitled to a summary judgment. It is always the question for the jury to determine whether he should have observed the other vehicle and taken all proper actions and precautions to avoid the collision. The fact that the driver has the right-of-way does not immunize or absolve him of the responsibility to use reasonable care. The moving party must show that there is no general issue of material facts and this he has failed to show. A jury question was presented and therefore it was error to grant a summary judgment for defendant. There is much difference between granting summary judgment and directing a verdict. A court may refuse to grant summary judgment and then direct a verdict on the trial of the cause. Harvey Building, Inc. v. Haley, Fla. 1965, 175 So.2d 780; Tompkins v. Rosenberg, Fla.App. 1967, 194 So.2d 688; Yost v. Miami Transit Company, Fla. 1953, 66 So.2d 214; Weber v. Porco, Fla. 1958, 100 So.2d 146; Visingardi v. Tirone, Fla. 1967, 193 So.2d 601.
The plaintiff also alleged as error that the judge of the trial court assessed against the plaintiff the cost of a copy of deposition taken by plaintiff. The original was on file in the clerk's office and could have been examined by the attorney for the defendant. Rule 1.400, Rules of Civil Procedure, 30 F.S.A., provides "Upon the filing of any deposition or affidavit taken under any rule or statute it shall be deemed published, unless otherwise ordered by the *467 court, and may be opened and examined by any party in the presence of the clerk. * * *" The Supreme Court of Florida in Florida Greyhound Lines, Inc. v. Jones, Fla. 1952, 60 So.2d 396, held that cost of copies is not properly assessable.
Therefore, the summary judgment and the cost judgment be and the same are hereby reversed and this cause is remanded for further proceedings.