PEARSON, Judge.
The appellant was found guilty, after a jury trial, of the crime of rape of a female child under the age of ten years, contrary to § 794.01, Fla.Stat., F.S.A. He was sentenced to life imprisonment. On this appeal he has presented two points which claim procedural errors and a third point which goes to the denial of his motion for new trial based upon a claim of newly discovered evidence. We will consider the procedural points first.
After the case was submitted to the jury and during their six and one half hour deliberation the foreman left the jury room twice. In each instance the separation of the foreman from the remainder of the jury was for a very short period of time. The first separation occurred shortly after the jury retired. The court with the agreement of counsel and in the presence of the defendant called the foreman from the jury room to see if the jury could make a decision in a short while or if they would prefer to have food and beverage brought to them.
The second separation occurred under the following circumstances. At 9:25 P.M. in the presence of counsel and the defendant the court announced:
* * * * * *
“We have a note from one of the jurors which says, ‘My station wagon is in the parking lot with the keys in the lock. Can someone get the keys for me? It is a Chevy with License No. 1-E 985756. It’s at Southwest First Street.’
That is right across the street.
Have you got someone else that can stay with the defendant? Would you do this favor for us, Officer?
A DEPUTY SHERIFF: Sure.
THE COURT: Go back to the door and just tell them we will get the key for them. Just tell the bailiff we will get the key for them. That is all.
Any objection to that, Counsel?
MR. JOSEFSBERG: No, sir.
THE COURT: We will be in recess.
(Thereupon, a recess was taken, after which, at 9:30 p.m., the following proceedings were had:)
THE COURT: Bring the foreman out.
Mr. Foreman, I will give you my cigarettes. Tell them that is all I have. If you run out of those, I will get them some more. Maybe that will hold them.
Secondly, I understand some others also have a key problem with their cars. Get their keys for me and tell me where they are.
*114 THE FOREMAN: Yes, sir.
THE COURT: Have them write, if they know, the license number and what kind it is.
THE FOREMAN: Yes, sir.
THE COURT: Come to the door and give it to the bailiff.
THE FOREMAN: All right, sir.
THE COURT: Thank you, sir.
MR. JOSEFSBERG: I object to the proceedings. In particular I object to the aspect of this second occasion where eleven jurors have been permitted to remain in there to confer and discuss the case in the absence of one member of the jury. Therefore, I move for a mistrial.
THE COURT: Denied.
Mr. Bailiff, when they get those keys for you, get the same officer, if he will, to get those keys.”
In Gamble v. State, 44 Fla. 429, 33 So. 471, 60 L.R.A. 547 (1902), the Supreme Court set forth the rule that, “the mere separation of jurors impanelled to try a capital case, from their fellows, without the attendance of an officer, although an irregularity, is not a sufficient cause for setting aside the verdict, if the court is satisfied that the prisoner has not sustained any injury from such separation.” The separations complained of in the Gamble case occurred outside the courtroom and in affirming a first degree murder conviction the court added the admonition that the burden was on the state to show the absence of prejudice to the accused. The latter provision is not applicable to the present situation because the foreman was always under the immediate supervision of the court, and under the circumstances outlined above it is clear that the separations were proper — not improper. No error appears upon this point.
Appellant’s second point urges that the trial court erred in denying defendants’ requested instructions No. 13 through 53, as to crimes claimed to be lesser included offenses. The defendant requested the court to instruct the jury as to rape and forty other lesser offenses. The court instructed the jury as to rape and assault with intent to commit rape and denied charges on the other thirty-eight. Appellant’s argument is that some of the offenses are necessarily included offenses and that it was error not to instruct upon them. See Brown v. State, Fla.1968, 206 So.2d 377. This argument overlooks the fact that appellant was not charged with rape by force and against the will of the victim but with carnal knowledge of a female child under the age of ten. See § 794.01, Fla.Stat., F.S.A. The crimes upon which appellant sought instructions are not included in the accusatory pleading. Therefore, they are not necessarily included offenses or offenses which may be included as urged by appellant.
The third point to be examined in the light of the record urges that the court erred when it refused to grant appellant a new trial upon the ground of newly discovered evidence. Appellant’s defense in the trial court was an alibi. He claimed he left the victim a few blocks from her home before 6:30 P.M. He testified that he went alone to the Rosebud Cafe where he met two girls whose names he could not remember. The defense produced the names of the two girls and filed the names with the notice of alibi. Appellant stated he stayed at the cafe from the time he left the victim until approximately 11:00 P.M. The crime allegedly occurred between 6:30 and 7:45 P.M.
At the trial one of the girls named in the notice of alibi appeared as a witness for the state. She testified that on the day of the occurrence she had taken the 2:35 P.M. bus from Belle Glade and arrived, she thought, at 6:25 P.M. She was not sure of her exact arrival time at Miami “because I got here just about night”, i. e., just as it was getting dark. Based upon the darkness she estimated that she had arrived at the Rosebud Cafe between 7:00 and 8:00 *115 P.M. Since she estimated that she saw the defendant in the cafe about an hour after she arrived there, her testimony was not helpful to the defense because the time of the crime was set between 6:30 and 7:45 P.M., although she testified she did see the appellant leave the cafe at 11:00 P.M.
Shortly after the trial, the appellant filed a motion for a new trial (with accompanying affidavits) on the ground of newly discovered evidence. An affidavit by defense counsel set forth that prior to trial he had been unable to check the witness’s time estimates because she had not advised him of the bus trip. He also swore that he had personally checked the time required to travel from the bus terminal to the cafe and it was between 15 and 25 minutes. A second affidavit made by an official of the bus company set forth that the 2:35 bus from Belle Glade arrived at the terminal in Miami at 5:15 P.M.
Appellant argued upon his motion and in this court that he should have been granted a new trial upon this newly discovered evidence because it showed that the witness must have arrived at the cafe between 5:30 and 5:40 P.M. and that therefore she must have seen the appellant in the cafe between 6:30 and 6:40 P.M. Appellant urged that this evidence would raise as reasonable doubt “as to whether the defendant was elsewhere when the crime was committed.”
We hold that the evidence presented in the affidavits as newly discovered evidence does not qualify as such under the description set forth in Harvey v. State, Fla. 1956, 87 So.2d 582. But without discussing the qualifications therein set out, we hold that the evidence was insufficient to justify a retrial of the cause. The facts which appellant now wants to bring forward would not change the testimony of the witness but would make her estimate of the time she had first seen the appellant in the cafe seem less reliable. Evidence having a mere tendency to impeach a witness is insufficient to justify the granting of a new trial. Douth v. State, Fla. 1956, 85 So.2d 550.
 Although he did not assign it as error or argue it as a point in the brief, the appellant has by implication questioned the sufficiency of the evidence. Under such conditions we are not required to review the sufficiency of the evidence. See Rule 6.16, Florida Appellate Rules, 32 F.S.A. Nevertheless, in exercise of the discretion granted by the rule cited, we have carefully examined this record and find that the evidence is clearly sufficient to support the verdict of the jury. The judgment and sentence are affirmed.
Affirmed.