MACMILLAN, HUGH, Associate Judge.
This is an appeal by the plaintiffs from a final summary judgment in favor of the defendants entered by the trial court on March 25, 1968. In its judgment, the court does not state the grounds or reasons on which the judgment is predicated other than “there is no material issue of fact and that the defendants are • entitled to final summary judgment on the basis of the record.” Although such a concise statement is apparently all that is required pursuant to RCP 1.510, 31 F.S.A. with reference to the entry of final summary judgments, it would have been helpful to the appellate court if the trial court had followed the procedure suggested by Justice Stephen C. O’Connell in State v. Bruno, Fla.1958, 104 So.2d 588. In this case Justice O’Connell recommended that “ * * * [I]n fairness to the litigants and the appellate courts, the trial courts of this State are urged, in all future appeal-able orders, to set forth the grounds or reasoning followed in arriving at the conclusion reached.”
*299 The plaintiffs, Donald Ralph Mowery and Jane Mowery, his wife, operated a mobile home sales business known as Don’s Mobile Home Sales selling new and used mobile homes to the public. The plaintiffs purchased some of these homes outright from the manufacturers and financed others through various financial institutions. In March, 1965, the defendant, First National Bank of Miami, took over the floor planned account of 27 mobile home units in the possession of the plaintiffs. These units were originally financed by the Girard Corn Exchange Bank of Pittsburgh, Pennsylvania, and the assignment between the banks was effectuated by the latter bank charging the account of the defendant, First National Bank of Miami, in the sum of $87,619.83.
The defendant, Acres Discount Corporation, was the intermediary or servicing agent between the plaintiffs and the defendant bank. Through its agents and representatives its responsibility was to see that the plaintiffs and those similarly situated executed a trust receipt on the mobile homes that were being financed, and perform other functions pertaining to the protection of the interests of the financing bank. The manager for Acres Discount Corporation during the period involved in this case was the defendant, C. E. Wolf.
On April 9, 1965, an employee of Acres Discount Corporation’s Orlando office telephoned an employee of the First National Bank of Miami and informed him that a 1964 Windsor mobile home unit, serial number 1670, valued in excess of $3,400.00, that was reportedly floor planned by the Girard Corn Exchange Bank and included in the assignment of the 27 units above mentioned from that bank to the defendant bank, was missing from a sales lot of the plaintiffs.
Negotiations to work out this financial problem to everyone’s satisfaction failed, and, thereafter, on May 7, 1965, the defendant bank repossessed from the plaintiffs the units it had floor planned. At approximately the same time or shortly thereafter, the various other institutions who were financing other mobile units on the plaintiffs’ lots repossessed the units they were financing. The plaintiffs contend that these other institutions were apprized by the defendant, C. E. Wolf, that the plaintiffs were “out of trust”.
The term “out of trust" in the parlance of commercial interests dealing in this type of a financial arrangement indicates that a borrower (dealer) has failed to disburse the funds due a lender upon the sale of property held under a trust receipt or some other type of floor plan security financing. This situation leaves the lender or financial source which has advanced the credit to the dealer on the floor plan account without security for the item so sold and the dealer is thus “out of trust”. Mutual Finance Co. v. Municipal Emp. Un. Local No. 1099, 1960, 110 Ohio App. 341, 165 N.E.2d 435; Mutual Finance Company v. Kozoil, 1960, 111 Ohio App. 501, 165 N.E.2d 444.
The plaintiffs claim that as a result of the alleged statements made by the defendant, C. E. Wolf, they were slandered and their credit standing was impaired. It is further claimed that as a consequence thereof, various mobile home units on their premises were repossessed by the defendant bank and other lending institutions and their business was damaged.
The plaintiffs contend that they were unaware that the 1964 Windsor mobile home, serial number 1670, was subject to a trust receipt involving the defendant bank, and assert that upon the sale of this unit they paid the manufacturer direct from the proceeds of the sale. There appears to be a conflict of evidence from the record as to whether a trust receipt was actually issued for this mobile home. In this respect, the plaintiffs testified they had no recollection of executing a trust receipt for this unit. No trust receipt for *300 this unit was introduced into evidence. It is noted that the defendants’ brief states:
“The trust receipt in question on the number 1670 mobile home was executed by F. M. Reese, as authorized representative of Don’s Mobile Home Sales on December 22, 1964, in Orlando.”
The amended complaint of the plaintiffs consists of three counts. The first count seeks compensatory damages for slander, the second count incorporates the allegations of the first count and seeks punitive damages, and the third count is predicated on the theory of a conspiracy on the defendants’ part to ruin the plaintiffs’ business and eliminate them from further business operations in mobile home sales, for which punitive damages are sought.
The defendants in their answer to counts one and two of the amended complaint deny the material allegations thereof, and in addition allege that any of the alleged statements made were true and made in good faith in the course of business without malice. With reference to the third count charging conspiracy, the defendants deny the material allegations and further allege that the credit extended by the defendant bank to the plaintiffs was granted pursuant to a Dealer Floor Plan Agreement executed by the plaintiff, Donald Ralph Mowery, and the defendant bank, which agreement contained authority for the defendant bank to “ * * cancel the trust and take possession of any and all Goods and Documents and any and all proceeds of sale.”
The record in this case reflects that there are material conflicts and justiciable issues which should be resolved by trial.
Accordingly, the final summary judgment entered on behalf of the defendants is reversed, and the cause remanded for further proceedings. Holl v. Talcott, Fla.1966, 191 So.2d 40; Tompkins v. Rosenberg, Fla.App.1967, 194 So.2d 688; Central Investments, Inc. v. Old Southern Golf Utility Corp., Fla.App. 1967, 197 So.2d 17.
Reversed.
OWEN, J., concurs.
CROSS, C. J., concurs in conclusion.