DREW (Ret.), Associate Judge.
Appellant is justifiably concerned over the lapse of more than fifteen months between the trial of this case and the rendition of the final judgment. A warranty deed from Myrtle D. McClain, unremarried widow of Dayton E. McClain, to Ernest McLain and Grace K. McLain to a large tract of land in Alachua County was declared void and set aside by said judgment. Appellants say the evidence was not transcribed until after the rendition of the judgment and that, therefore, the long delay deprived the trial judge of the opportunity to fairly recall and evaluate the testimony of thirteen witnesses taken over a two-day period solely on the judge’s memory and on the notes made by him during *885 the hearing. They aver that in addition the trial judge rendered no opinion or made any findings of law or fact on which he relied to support his judgment, and that this is prejudicial and handicaps appellants in an appellate review of the case.
The mind is incapable of complete recall after a long lapse of time. On a close case there is less likelihood of error if they are decided by judges who try them while the case is fresh in his mind. Juries are required to do this. It would be a substantial contribution to our system if judges would follow, as closely as possible, that system. Long delays in disposing of litigation in civil and criminal cases are an ever increasing cause of concern, not only to the judiciary, but to the public. One of the oldest of judicial adages is “justice delayed is often justice denied”. We are aware of the congestion in the courts and the lack of sufficient help and machinery in many areas, and that some delay is often unavoidable but long delays, like this, in a clear cut case, like this, are not justifiable. See State v. Bruno, 104 So.2d 588 (Fla.1958); Mowery v. First National Bank of Miami, 228 So.2d 298 (Fla.App. 4th 1969); and Young Spring and Wire Corp. v. Smith, 169 So.2d 846 (Fla.App. 3rd 1964). Also see Fontainebleau Hotel Corp. v. Forty-Five Twenty-Five, Inc., 168 So.2d 317 (Fla.1964); Home Development Co. of St. Petersburg v. Bursani, 168 So.2d 131 (Fla.1964); and Rosenthal v. Scott, 131 So.2d 480 (Fla.1961).
In view of the long delay in the rendition of the judgment, we have given much more than ordinary attention to the transcript of evidence before us. It so overwhelmingly supports the judgment setting this deed aside that no purpose could be served by returning the case to the chancellor for findings. Such course would only further delay this case. The evidence shows a highly confidential relationship between Mr. and Mrs. McLain, the defendants, and Mrs. Myrtle McClain, an elderly widow; it establishes conclusively that the widow was a person of both physical and mental infirmity extending over a long period of time; and the complete dominance in personality and physical and mental attributes of the defendants over her. Under these circumstances, there is a presumption of undue influence, but here, it is unnecessary to rely on this presumption imposed by the law of all jurisdictions. The direct evidence, often thát of the defendants themselves, satisfies us that this plaintiff had no knowledge of what she signed, and no intention at any time of conveying this land to the defendants.
The judgment, on the merits, is free from error and is therefore affirmed.
SPECTOR, Acting C. J., and JOHNSON, J., concur.