314 So.2d 171 (1975)
Ada Louise DAMES, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-789.
District Court of Appeal of Florida, Third District.
June 10, 1975.
*172 Phillip A. Hubbart, Public Defender, and Kurt Marmar, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
By a three count information, defendant, Ada Louise Dames, was charged with (1) resisting an officer with violence to his person, (2) assault and battery, and (3) possession of lottery tickets. A jury trial was held and a judgment of acquittal was entered as to the possession count. The jury returned a verdict of not guilty as to the assault and battery charge and guilty on the charge of resisting an officer. The trial court then sentenced the defendant to three years in the state penitentiary. Thereafter, defense counsel filed a motion for new trial on the grounds of newly discovered evidence in that the victim of the shooting was discovered and his testimony directly contradicted the police officers who testified at trial. A hearing was held thereon and at the conclusion thereof, the trial court denied same. Defendant appeals the denial of her motion for new trial.
Defendant-appellant urges as reversible error the trial court's denial of the motion for new trial where new and material sworn testimony was discovered and presented which probably would have changed the verdict had it been introduced at trial and which the defendant could not have discovered using reasonable diligence. We cannot agree.
The ground of defendant's motion was that a material witness, Mr. Filepe, who would have testified that he did not tell the police officers that the defendant had shot him but to the contrary told them that the defendant was his friend and that they should contact her, was out of town at the time of the trial and there was insufficient time before the trial to locate his whereabouts.
A motion for new trial will not be granted for newly discovered evidence unless such evidence is discovered after trial; due diligence is exercised to present it at trial; it is material to the issue; it goes to the merits of the case and not merely to impeach a witness who testified; it is not cumulative and it is such as would produce a different verdict. Harvey v. State, Fla. 1956, 87 So.2d 582; Weeks v. State, Fla. App. 1971, 253 So.2d 459.
The record in the case at bar clearly reflects that existence of Mr. Felipe was known to the defendant prior to the trial had she desired this witness to testify on her behalf. Nevertheless, defense counsel made no effort to compel the attendance of *173 Mr. Felipe by subpoena and made no motion for continuance due to his alleged unavailability. Thus, we are of the view that there was a lack of due diligence exercised by defense and such does not constitute newly discovered evidence. See Harvey, supra and Luster v. State, Fla.App. 1972, 262 So.2d 910.
Furthermore, at the most Mr. Felipe's testimony would merely impeach that testimony of the arresting officers and does not go to the merits of the charge (resisting arrest) for which the defendant was found guilty. Again, we conclude this evidence was insufficient to justify the granting of a new trial. See Wright v. State, Fla.App. 1969, 223 So.2d 112.
For the reasons cited hereinabove, the order herein appealed is affirmed.
Affirmed.