PER CURIAM.
The appellants, defendants below, were found guilty by a jury after a joint trial of the following offenses: (1) false imprisonment, (2) kidnapping, (3) aggravated assault, and (4) rape. After sentencing on each of these counts, they have appealed and filed a joint brief.
The first point presented urges that the defendants are entitled to a discharge upon their oral motion made June 18, 1974, immediately prior to the beginning of the trial. These motions were made pursuant to CrPR 3.191(a)(1), the “Speedy Trial Without Demand” rule. In this regard, we note that defendant Gilliard was booked on December 28, 1973, and defendant Howard was booked on January 29, 1974. Therefore, we hold that the motion was premature and that no error is shown. See Allen v. State, Fla.1973, 275 So.2d 238. The defendants’ own brief acknowledges that Gilliard was booked on the above-mentioned date, that the. court inquired of the clerk as to when the speedy trial 18.0 day period would expire and that the clerk responded with the date June 26, 1974. ' The record substantiates this and does not reveal any objection by the defendants to this being the incorrect date. Thus, we are compelled to find that the 180 days had not expired for either defendant as of June 18, 1974.
Appellants’ second and third points claim error because the court allowed the State to amend the information to correct a typographical error as to the date of the offense. It is clear that the correction did not in any way mislead or prejudice the defendants in their preparation for trial. Therefore, no error is shown. See CrPR 3.140 and State v. Beamon, Fla.1974, 298 So.2d 376.
The fourth and fifth points relate to the denial of defendants’ objections to certain testimony. Neither point presents error.
The sixth point claims error upon the denial for defendants’ motions for a new trial upon the ground of newly discovered evidence. We have read the deposition of the tendered witness and hold that the motion was properly denied for the reason set out in Wright v. State, Fla.App.1969, 223 So.2d 112.
Affirmed.