358 So.2d 253 (1978)
COUNTY OF ST. LUCIE and Hartford Accident and Indemnity Company, Appellants,
v.
William Franklin BROWNING and Connie Browning, Appellees.
No. 77-2475.
District Court of Appeal of Florida, Fourth District.
May 9, 1978.
Richard V. Neill of Neill, Griffin, Jeffries & Lloyd, Chartered, Fort Pierce, for appellants.
*254 James F. Littman of Littman & Harvin, P.A., Stuart, for appellees.
DAUKSCH, Judge.
In this personal injury action a jury verdict was returned in favor of Appellees, the Plaintiffs below. The lower court taxed costs totalling $5,830.10 against Appellants. By this appeal, Appellants contend that some of the costs should not have been taxed against them. Specifically, Appellants object to the following costs: the expense of copies of depositions, the cost of obtaining miscellaneous hospital records, a medical doctor's witness fee for deposition, and certain expert medical witnesses' fees for testimony at trial. We will consider each cost in turn.

COPIES OF DEPOSITIONS
In Florida Greyhound Lines v. Jones, 60 So.2d 396 (Fla. 1952), the Supreme Court held that the cost of copies of depositions taken in that case was not assessable against the losing party. See also Cohen v. Dennis, 209 So.2d 465 (Fla. 3 DCA 1968). However, most cases concerning the assessment of deposition costs make no distinction between originals and copies. They refer only to "costs of deposition" and hold that such costs are taxable if they serve a useful purpose. See Cohn v. Florida National Bank at Orlando, 223 So.2d 767 (Fla. 4 DCA 1969); Buyer Finance Corporation v. Oliveros, 196 So.2d 451 (Fla. 3 DCA 1967); Lockwood v. Test, 160 So.2d 142 (Fla. 2 DCA 1964).
It is not at all clear that the Supreme Court in Florida Greyhound Lines v. Jones, supra, intended that under no circumstances may costs of deposition copies be taxed against a losing party. We think a better reasoned rule is that such copy costs may be taxable if the copies serve a useful purpose. There may be circumstances in which such copies are necessary expenses which the prevailing party should recover. It is best left to the trial court's discretion to determine whether the copies served a useful purpose. See, for example, Cohen v. Dennis, supra, in which the cost of deposition copies was found to be not assessable, the original deposition being on file in the clerk's office and available for examination by the party making the copy.
The record on appeal does not disclose the circumstances under which the copies were ordered, for what purposes they were to be used, or whether the original depositions were readily available for inspection by the party ordering the copies. Therefore, we cannot find that the trial court abused its discretion in assessing the cost deposition copies against Appellants. That part of the order taxing this cost is affirmed.

COST OF HOSPITAL RECORDS
As we held in Cohn v. Florida National Bank, supra, "the cost of hospital records not used in trial or introduced in evidence is not taxable." We have reviewed the transcript of the trial and find no evidence that the hospital records were either used at trial or introduced in evidence. A mere passing reference to the hospital records by a medical witness while testifying does not constitute use at trial or introduction into evidence.[1] Therefore, the taxing of the costs of hospital records against Appellants was error. That part of the order assessing this cost is reversed.

EXPERT WITNESS FEE FOR DEPOSITION
Prior to trial, Appellees took the deposition of Dr. J. Hunter Smith, a medical expert. Dr. Smith did not appear personally at the trial but his deposition was read to the jury. Appellants contend that the taxation of Dr. Smith's expert witness fee for the deposition is improper since he was not a witness at trial.
*255 The case cited by Appellants in their brief is not on point. It holds that fees for a witness who has not attended court to testify cannot be taxed as costs. Cohn v. Florida National Bank at Orlando, supra. The opinion clearly refers to fees for appearance at trial, not for deposition.
We find no abuse of the trial court's discretion in taxing Dr. Smith's expert witness fee for deposition against Appellants since the deposition clearly fulfilled a useful purpose when it was read at trial in place of Dr. Smith's live testimony. That part of the order assessing his fee against Appellants is affirmed.

EXPERT WITNESSES' FEES FOR TESTIMONY AT TRIAL
Appellants contend that some of the amounts taxed as costs for expert witnesses' fees for testimony at trial are so excessive as to constitute an abuse of discretion. Appellants particularly attack the fee of a Tampa physician who charged a total of $2,700.00 for services rendered: $350.00 for his initial examination of the injured Plaintiff in Tampa, $200.00 for his deposition, and $2,150.00 for his trial testimony. We agree that this total fee is truly exorbitant, particularly when compared with the fees charged by the other medical experts and when the nature of the services rendered is considered.
This physician is an orthopedic surgeon practicing in Tampa who examined the injured plaintiff on referral by plaintiffs' counsel. He testified at trial as to his opinion of the extent and permanency of plaintiff's injuries. This physician's trial testimony covers a total of thirty-one pages, seven of which are devoted to qualifying him as an expert. For this testimony, which required him to travel from Tampa to Ft. Pierce, and to spend the day away from his office, he claimed a fee of $2,150.00. We compare this amount with the $200.00 fee charged by the primary treating physician for his testimony at trial. Although the primary physician was a local doctor who probably was not required to spend hours away from his practice in order to appear at trial, the additional time necessarily involved in the appearance of an out of town physician at trial does not justify the grossly disproportionate fee charged by the more geographically distant doctor. We further note that another expert witness from the Tampa area who testified at trial charged approximately $532.00 for his trial appearance. This witness is a college professor of economics and business who projected the injured plaintiff's loss of earnings.
We are well aware of the escalating costs of litigation and that trial counsel often is caught in the dilemma of either paying the large fee demanded by an expert or proceeding to trial without the benefit of the expert's testimony.[2] Nevertheless, attorneys as well as the court have an obligation to keep the costs of litigation within reasonable bounds. Loftin v. Anderson, 66 So.2d 470 (Fla. 1953). It follows that while the trial court has broad discretion in taxing costs, the exercise of this discretion should be compatible with the goal of keeping costs within reasonable bounds. Crane v. Stulz, 136 So.2d 238 (Fla. 2 DCA 1961).
Although we are reminded that the trial court has broad discretion in taxing costs, it is also true that the question of whether the exercise of discretion was properly exercised is subject to appellate review. Miller Yacht Sales, Inc. v. Scott, 311 So.2d 762 (Fla. 4 DCA 1975). With due respect to the learned trial judge and with appreciation of his difficult task of assessing costs in an age of exorbitant witness fees constantly on the rise,[3] we find that the fee charged *256 by this Tampa physician for his testimony at trial is so excessive that the taxation of the entire cost against Appellants is an abuse of discretion. In order to determine how much of the fee is excessive the court should take into consideration the fees charged by the other medical witnesses and may consider the usual fees charged by medical witnesses in other cases if such evidence is introduced at a future hearing. That portion of the fee which is excessive must be paid by the successful party who called him as a witness.
That part of the order taxing Appellants for the cost of this physician's trial testimony is reversed with directions to assess a cost more in harmony with the fees charged by the other medical witnesses, taking into consideration the travel and time required, reasonable fees usually charged by medical witnesses and any particular skill of the witness which would entitle him to a greater fee.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
CROSS and MOORE, JJ., concur.
NOTES
[1] A medical witness testified at the trial: "I had certain records, hospital records, made available to me at the time I examined Mr. Browning, in relation to prior treatment that he had had in relation to his complaints." (T. Vol. II, p. 109).
[2] Plaintiff's trial counsel observed at the costs hearing:

"And as to any of the doctors whose testimony was required here, again, it is a matter of either I pay them the fee that they ask, or you cannot get them here for the trial." (T. Vol. III, p. 218).
[3] At the costs hearing, the trial judge expressed concern about the fees charged by some of the expert witnesses: "I will be very frank with you. I am concerned with the reasonableness of some of these charges." (T. Vol. III, p. 217).