368 So.2d 109 (1979)
Linda Susan MOORE, a Minor, by and through Her Parents and Natural Guardians, Clifford Moore and Ruth C. Moore: and Clifford Moore and Ruth C. Moore, Individually, Appellants,
v.
Russell CAUGHEY D/B/a Russell's Magic Midway and Stuyvesant Insurance Company, a Foreign Corporation Organized and Existing under the Laws of the State of New York, Duly Authorized to Do Business in the State of Florida, Appellees.
No. 77-2625.
District Court of Appeal of Florida, Fourth District.
March 7, 1979.
*110 James R. Dressler, Cocoa Beach, for appellants.
Barbara Kane, of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Rockledge, for appellees.
DOWNEY, Chief Judge.
Plaintiffs-appellants seek review of an adverse verdict and judgment in favor of the defendants-appellees. The suit arose as a result of personal injuries sustained by appellant, Linda Susan Moore, while riding on a ferris wheel owned and operated by the individual appellees. We have considered appellants' four points on appeal and find that none of them constitutes reversible error. However, we believe one of appellants' points does deserve comment.
During the course of the proceedings below a number of discovery depositions were taken, some or all of which were used for impeachment during the course of the trial. The trial court taxed the cost of depositions, including copies, against the appellants as the losing party. Taxation of the cost of copies is assigned as error and is the subject of appellants' fourth point on appeal.
Appellants contend that the Supreme Court of Florida held in Florida Greyhound Lines v. Jones, 60 So.2d 396 (Fla. 1952) that copies of depositions were not taxable as costs. On the other hand, appellees point to County of St. Lucie v. Browning, 358 So.2d 253 (Fla. 4th DCA 1978), in which this court held copies of depositions were taxable.
The expansive use of discovery today and the concomitant increase in the cost of litigation make the taxation of costs a major item of consideration in present day litigation. As we read the cases it seems to us we have pretty well settled the taxation of the cost of depositions, i.e., the cost of the original. If the deposition served a useful purpose the party who prevails is generally entitled to have that item of cost taxed against the unsuccessful litigant. Miller Yacht Sales, Inc. v. Scott, 311 So.2d 762 (Fla. 4th DCA 1975), and cases cited therein.
However, as to the question of taxing the cost of copies of depositions there appears to be some confusion. In Florida Greyhound Lines, Inc. v. Jones, supra, the Supreme Court, without discussion or reason, expressly held the expense of copies of depositions is not assessable as costs. Jones, supra, was followed in Cohen v. Dennis, 209 So.2d 465 (Fla. 3rd DCA 1968), wherein the court seems to suggest as a rationale for the Jones holding that since counsel can examine the original deposition on file in the courthouse copies are not necessary.[1] In the Browning case, supra, in approving the taxation of costs of copies of depositions this court, among other things, held:
"It is not at all clear that the Supreme Court in Florida Greyhound Lines v. Jones, supra, intended that under no circumstances may costs of deposition copies be taxed against a losing party. We think a better reasoned rule is that such copy costs may be taxable if the copies serve a useful purpose. There may be circumstances in which such copies are necessary expenses which the prevailing *111 party should recover. It is best left to the trial court's discretion to determine whether the copies served a useful purpose. See, for example, Cohen v. Dennis, supra, in which the cost of deposition copies was found to be not assessable, the original deposition being on file in the clerk's office and available for examination by the party making the copy.
"The record on appeal does not disclose the circumstances under which the copies were ordered, for what purposes they were to be used, or whether the original depositions were readily available for inspection by the party ordering the copies. Therefore, we cannot find that the trial court abused its discretion in assessing the cost (sic) deposition copies against Appellants. That part of the order taxing this cost is affirmed." 358 So.2d at 254.
The above quote seems to us to be at odds with the Supreme Court's unequivocal holding in Jones, supra. However, Jones was decided in 1952 when the use of pretrial discovery on a large scale had not yet commenced in Florida, although use of discovery as in the Federal Rules was authorized initially in 1947.[2] Considering the pace of the practice of law and the somewhat limited use of discovery at that time as compared to its use today, the suggestion that lawyers go to the courthouse and read the original transcript of depositions may have been adequate, but to suggest that as a viable, practical alternative to obtaining copies of depositions today is totally unrealistic. Besides the problems presently existing of time and space as Florida grows, one wonders how the practitioner is to handle the reading of depositions, the impeachment of witnesses, etc., during trial. Who is the lucky one who gets to hold the original transcript? How do the lawyers and judge follow the reading of the transcript? Suffice to say that in this day and time copies of depositions are a necessity in many cases and so we reaffirm the statement in Browning, supra, that the better reasoned rule would seem to allow taxation of costs of copies of depositions if, as is the case with the original transcript, the copies serve a useful purpose.
We perceive an apparent conflict between the Supreme Court's Greyhound case and our Browning case. Thus, we have belabored the foregoing point for the purpose of suggesting the question should be certified to the Supreme Court of Florida so that this important practical question can be answered authoritatively by that court.
Accordingly, we affirm the action of the trial court in taxing costs of copies of depositions because this court has previously so ruled. However, somewhat belatedly, we believe this question should be settled so as to assist the trial bench and bar in the assessment of costs. Accordingly, we certify to the Supreme Court of Florida as a matter of great public interest the following question:
MAY COPIES OF DEPOSITIONS BE TAXED BY THE TRIAL COURT AS COSTS IF THE COURT FINDS THE COPIES SERVED A USEFUL PURPOSE?
LETTS and BERANEK, JJ., concur.
NOTES
[1] The most recent case following Jones is Ryan v. Beucher, 360 So.2d 15 (Fla. 2nd DCA 1978).
[2] Ch. 24041, Laws of Florida (1947).