396 So.2d 774 (1981)
INTERNATIONAL PATROL AND DETECTIVE AGENCY, INC., Appellant,
v.
AETNA CASUALTY & SURETY COMPANY; New Hampshire Insurance Company; and National Council On Compensation Insurance, Appellees.
Nos. TT-199, VV-76.
District Court of Appeal of Florida, First District.
March 25, 1981.
Rehearing Denied May 1, 1981.
*775 Richard M. Goldstein of Peeples, Earl, Smith, Moore & Blank, Miami, for appellant.
Richard Smoak of Isler, Brown, Smoak & Watson, Panama City, Edwin H. Underwood of Underwood, Gillis, Harcher, Reinert & Valle, Miami, and James E. Cobb of Mathews, Osborne, Ehrlich, McNatt, Cobelman & Cobb, Jacksonville, for appellees.
ROBERT P. SMITH, Jr., Judge.
This is a consolidated appeal from a summary final judgment, a non-final order denying leave to file a second amended complaint, and an order taxing costs. We affirm on all points.
The appellant, International Patrol, is an employer required by § 440.38, Florida Statutes (1977), to maintain workers' compensation insurance. It contracted with Aetna and New Hampshire for policies of workers' compensation insurance for the years 1967 through 1977. Aetna and New Hampshire are members of the National Council on Compensation Insurance, a rating organization which has a Florida office, called the Florida Compensation Rating Bureau (Rating Bureau).
Appellant alleged that Aetna, New Hampshire, and the Rating Bureau conspired to violate § 627.072, Florida Statutes (1977) by intentionally failing to consider investment income on unearned premium reserves and loss reserves, as required by § 627.072(1)(a)5, when computing insurance rates, thus resulting in excessive rates; and that Aetna and New Hampshire conspired to, and did breach their contracts by charging *776 appellant excessive rates. Summary judgment was granted by the trial court on the grounds that there was no evidence supporting an inference of conspiracy to set excessive rates, and that appellant had failed to exhaust its administrative remedies. We agree and accordingly affirm.
The only evidence in the record which reflects on the conspiracy allegations is the fact that appellees met to discuss proposed rates. However, such a procedure is clearly authorized by § 627.314. Further, rating bureaus and insurers such as appellees merely arrive at "proposed" rates, which are then submitted to the Department of Insurance, along with the information upon which the rates are based. Such filings are open for public inspection and are reviewed by the department in order to determine whether or not the requirements of the statute have been met. Sections 627.091 and 627.101, Florida Statutes (1977). Thus, it is the department which has responsibility for final approval of the rates charged by an insurer.
Appellant has failed to exhaust its administrative remedies with regard to allegations that the rates in question were improperly calculated under the statute and, therefore, excessive. The statute provides an orderly procedure whereby an aggrieved party may receive a hearing on a rate complaint before the rating bureau or organization, seek review before the Department of Insurance if the rating bureau denies relief or simply fails to act within thirty days of the request, and ultimately appeal his case to this court. Sections 627.291, 627.371, 627.391, Florida Statutes (1977). Specifically, § 627.371(2) provides that if the Department of Insurance finds that the alleged noncompliance with the statute exists, the rating bureau will be given a reasonable time "in which the noncompliance may be corrected, including any premium adjustment." We construe this section as providing that the department may investigate the insured's allegations and order any refund which the insured may be due, by reason of being overcharged. Thus, International Patrol had an adequate administrative remedy available and was accordingly barred from bringing its action in circuit court. See Florida Welding and Erection Service, Inc. v. American Mutual Insurance Company, 285 So.2d 386 (Fla. 1973).
Appellant next urges that the trial court erred in denying it leave to file a second amended complaint. Appellant's motion for such leave was made nearly two years after this action was commenced and after discovery was substantially completed. By its second amended complaint, appellant sought to convert the suit into a class action and add a new prayer for injunctive relief. Although generally leave to amend should be liberally granted so that matters may be tried on the merits, such amendments are not allowable if they would change the issue, introduce new issues, or materially vary the grounds for relief. Warfield v. Drawdy, 41 So.2d 877 (Fla. 1949); accord, Brown v. Montgomery Ward, 252 So.2d 817 (Fla. 1st DCA 1971). The trial court was correct in finding that the addition of substantial new issues associated with a class action would interfere with the timely resolution of the already pending issues in this case.
The final point for our consideration is whether the trial court properly taxed costs against International Patrol for copies of depositions. Nearly thirty years ago, the Florida Supreme Court, in Florida Greyhound Lines v. Jones, 60 So.2d 396 (Fla. 1952), held without elaboration that the costs of copies of depositions in that case were not properly assessable. The District Courts of Appeal have placed different interpretations upon this holding. For example, the Second District Court of Appeal has interpreted Jones as completely precluding taxing costs for copies of depositions in any case. Paul v. Allstate Insurance Company, 380 So.2d 1307 (Fla. 2nd DCA 1980). Likewise, this court has stated in dicta that "costs for copies of depositions are not properly assessable." Crabtree v. Rogers, 370 So.2d 857 (Fla. 1st DCA 1979). The Fourth District Court of Appeal, on the other hand, has held that Jones did not set down an *777 ironclad rule against taxing costs of copies of depositions and that such costs may be taxable if the copies served a useful purpose, which is a question within the discretion of the trial court. County of St. Lucie v. Browning, 358 So.2d 253 (Fla. 4th DCA 1978); Moore v. Caughey, 368 So.2d 109 (Fla. 4th DCA 1979).
The present case is a good example of the expansive use of discovery in modern litigation (twelve depositions were made part of the record), and the active involvement of attorneys from several different areas of the state. In light of the realities of modern litigation, we feel that the better reasoned view is that costs of copies of depositions may be taxable when the facts warrant. We find that in this case the trial court's award of the cost of one copy of each deposition, to be divided between the three appellees, was not an abuse of discretion.
Accordingly, the summary final judgment, order denying leave to a file a second amended complaint, and order taxing costs are AFFIRMED.
BOOTH and SHAW, JJ., concur.