SHARP, Judge.
Mobil Oil Corporation appeals from a final judgment entered after a non-jury trial. The trial court ruled that V. S. H. Realty, Inc. was excused from its contract with Mobil to purchase certain real estate, and that it was entitled to the return of its six thousand dollar ($6,000) deposit. Mobil argues the trial court erred in releasing V. S. H. from the contract because of “economic infeasibility,” and in allowing as part of the taxable costs assessed against Mobil the cost of copies of depositions. We affirm.
V. S. H. candidly admits there is no controlling authority in this state establishing “economic infeasibility” as a legal excuse for not performing a contract. However it argues, and we agree, there was sufficient evidence to sustain the judgment on another ground.[1] The contract contained a condition precedent — that the county would issue a building permit to construct a certain kind of building — and that did not happen because of subsurface soil problems. Mobil contends V. S. H. failed to prove it timely exercised its right to cancel the contract. However, Mobil also failed to prove V. S. H. was untimely, and the timeliness or lack thereof, is an affirmative defense which should have been alleged and proved by Mobil. Bradford Builders, Inc. v. Department of Water & Sewers, 142 So.2d 137 (Fla. 3d DCA 1962).
Because of the small amount of money involved, it is not often that the District Courts of Appeal are presented with the question of whether copies of depositions should be taxable against the losing party and it is even rarer that this question reaches the Florida Supreme Court. In the last decade this question has been certified a number of times without success. We will try once more.
The last and only time the Florida Supreme Court answered this question was almost thirty (30) years ago. It ruled in Florida Greyhound Lines, Inc. v. Jones, 60 So.2d 396 (Fla.1952), that the cost of copies was not properly assessable, although the cost of the transcript was. It gave no reason for its holding, and the facts as stated in the case do not disclose whether the depositions were on file or whether they were readily accessible to the opposing party-
The Fourth District Court of Appeal has taken the view that the cost of copies, like the cost of original depositions, can be assessed against the losing party at the discretion of the trial court. County of St. Lucie v. Browning, 358 So.2d 253 (Fla. 4th DCA 1978). To show an abuse of discretion by the trial court in making such an award, the complaining party must bring a record to the appellate court showing that the original was readily available for inspection by the party who ordered the copy, or that it was not reasonably needed for the litigation. In the absence of such a showing, the trial court’s award of cost of copies should not be reversed.
The real basis for the Browning case was expressed by Judge Moore in Moore v. Caughey, 368 So.2d 109 (Fla. 4th DCA 1979). He noted the substantial changes in the practice of law which have taken place since Florida Greyhound, and he observed that only in rare instances should an original deposition filed with the court be considered “available” for practical purposes to opposing counsel.
Considering the pace of the practice of law and the somewhat limited use of discovery at .that time [when Florida Greyhound, was decided] as compared to its use today, the suggestion that lawyers go to the courthouse and read the original transcript of depositions may have been adequate, but to suggest that as a viable, practical alternative to obtaining copies of depositions today is totally unrealistic. *587 Besides the problems presently existing of time and space as Florida grows, one wonders how the practitioner is to handle the reading of depositions, the impeachment of witnesses, etc., during trial. Who is the lucky one who gets to hold the original transcript? How do the lawyers and judge follow the reading of the transcript? Suffice to say that in this day and time copies of depositions are a necessity in many cases ....
368 So.2d at 111.
In this case, the record does not show whether the original depositions were readily available to V. S. H., or that they were not reasonably required by it to litigate this matter. Following the Fourth District Court of Appeal, we affirm the award of costs of copies under these circumstances. We recognize two other District Courts have ruled to the contrary.[2] Because of the conflict, and because we think the question is one of great public importance [3] since it potentially is involved in almost every lawsuit, we certify the following question to the Florida Supreme Court:
MAY THE COST OF COPIES OF DEPOSITIONS BE PROPERLY TAXED AGAINST THE LOSING PARTY IN THE DISCRETION OF THE TRIAL COURT, AND IF SO, UNDER WHAT CIRCUMSTANCES?
AFFIRMED.
DAUKSCH, C. J., and COWART, J., concur.

. Ray v. Dock & Marine Constr., Inc., 183 So.2d 237 (Fla. 3d DCA), cert. denied, 192 So.2d 489 (Fla.1966).

. Beattie v. Brotz, 391 So.2d 802 (Fla. 2d DCA 1980); Paul v. Allstate Ins. Co., 380 So.2d 1307 (Fla. 2nd DCA 1980); Cohen v. Dennis, 209 So.2d 465 (Fla. 3d DCA 1968).

. Art. V, § 3(b)(4), Fla.Const.; Fla.R.App.P. 9.030(a)(2)(A).