409 So.2d 232 (1982)
Robert E. DALE, et Ux, Appellants,
v.
FORD MOTOR COMPANY, Appellee.
No. VV-204.
District Court of Appeal of Florida, First District.
February 9, 1982.
*233 Brent M. Turbow and Arthur T. Boone, Jacksonville, for appellants.
Rutledge R. Liles of Howell, Howell, Liles, Braddock & Milton, Jacksonville, for appellee.
SHAW, Judge.
This appeal arose out of a products liability action brought by Robert E. Dale and Mary Dale, his wife, against Lynch-Davidson Motors, Inc. and Ford Motor Company. We are asked to consider whether the trial judge committed reversible error in permitting into evidence the testimony of Dr. Donald Wall, refusing to allow the appellants to introduce into evidence Ford's 1978 car shop manual and in awarding costs for copies of transcripts of depositions.
In the order setting the case for trial, the trial judge directed each attorney to serve upon opposing counsel, at least fifteen days prior to the trial, a list specifying the names and addresses of witnesses. Within the fifteen days prior to trial, the appellee verbally informed the appellants of its intention to use Dr. Donald Wall, an accident reconstructionist, and offered to produce him in Jacksonville for deposition. Appellants were thereafter served with a witness list which included the name of Donald Wall. Appellants filed a motion in limine to prohibit the appellee from offering testimony of any witnesses at trial and especially the testimony of Dr. Wall for the reason that the appellee's witness list was not served upon the appellants at least fifteen days prior to the trial. When appellee failed to timely answer interrogatories, appellants filed a motion for sanctions and a second motion in limine alleging that the appellee had violated the scope of the court's order granting appellants' motion for production, inspection, examination, and testing. Both motions were denied, and Dr. Wall was *234 allowed to testify at trial regarding tests conducted with parts from appellants' automobile. Appellants urge that the court erred in denying said motions and in allowing Dr. Wall to testify over objection.
Counsel for both parties allege misconduct on the part of opposing counsel. While the trial may have proceeded under less than ideal conditions, the trial judge was blessed with firsthand knowledge of the situation and was in a position to determine whether the behavior of appellee's counsel was so egregious as to deny the appellants a fair trial or to warrant sanctions. A trial court has wide discretion concerning the admissibility of evidence, and, in the absence of an abuse of discretion, a ruling regarding admissibility will not be disturbed. Jent v. State, 408 So.2d 1024 (Fla. 1981). We are unable to say from our vantage point that the judge abused his discretion.
Appellants assert error in the denial of their motion to introduce Ford's 1978 car shop manual into evidence at the close of appellee's case. Appellants, in their brief, concede that "[t]he admission of the proffered evidence would have added nothing new to the case of the plaintiffs, as plaintiffs' expert witness, Dr. Morrison, had previously testified with regard to the numerous possible causes [of steering malfunction] ..., and that duplication of the condition was impossible... ." It appears therefore that the evidence sought to be introduced was cumulative, and the denial of the motion to introduce the shop manual into evidence as rebuttal evidence was not an abuse of discretion warranting reversal. See 32 Fla.Jur. Trial § 43 (1960).
International Patrol and Detective Agency, Inc. v. Aetna Casualty & Surety Co., et al., 396 So.2d 774 (Fla. 1st DCA 1981), is dispositive of the appellants' contention that the judge erred in taxing cost of transcripts of depositions.
AFFIRMED.
JOANOS, J., and MASON, ERNEST E. (Retired) Associate Judge, concur.