419 So.2d 323 (1982)
INTERNATIONAL PATROL AND DETECTIVE AGENCY COMPANY, INC., Petitioner,
v.
AETNA CASUALTY & SURETY COMPANY, et al., Respondents.
No. 60525.
Supreme Court of Florida.
August 26, 1982.
Richard M. Goldstein and Paul H. Amundsen of Peeples, Earl, Moore & Blank, Miami, for petitioner.
Richard Smoak of Isler, Brown, Smoak, Harrison & Nabors, Panama City, for Aetna Cas. & Sur. Co.
Edwin H. Underwood and Donald D. Gillis of Underwood, Gillis, Karcher, Reinert & Valle, Miami, for New Hampshire Ins. Co.
*324 James E. Cobb and Harris Brown of Mathews, Osborne, McNatt, Gobelman & Cobb, Jacksonville, for respondents.
ADKINS, Justice.
We have for review a decision by the First District Court of Appeal (International Patrol and Detective Agency, Inc., v. Aetna Casualty & Surety Company; New Hampshire Insurance Company; National Council on Compensation Insurance, 396 So.2d 774 (Fla. 1st DCA 1981)), which is certified to be in direct conflict with a decision of another District Court of Appeal. Paul v. Allstate Insurance Co., 380 So.2d 1307 (Fla. 2d DCA 1980). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
We approve the ruling by the First District Court of Appeal and adopt the reasoning therein as our own.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, SUNDBERG and McDONALD, JJ., concur.
ALDERMAN, C.J., concurs specially with an opinion, with which BOYD, OVERTON and McDONALD, JJ., concur.
OVERTON, J., concurs specially with an opinion.
ALDERMAN, Chief Justice, concurring specially.
This case was certified to us by the First District as being in conflict with another decision. We accepted jurisdiction because the First District's holding in the present case that costs for copies of depositions were properly taxed against International Patrol expressly and directly conflicts with the Second District's holding in Paul v. Allstate Insurance Co., 380 So.2d 1307 (Fla. 2d DCA 1980), that costs for copies of depositions may not be taxed in any case.
In our present decision, we agree with the First District's decision on this point and approve its rationale. The First District agreed with the reasoning of the Fourth District on this issue and said:
The Fourth District Court of Appeal, on the other hand, has held that Jones [Florida Greyhound Lines v. Jones, 60 So.2d 396 (Fla. 1952)] did not set down an ironclad rule against taxing costs of copies of depositions and that such costs may be taxable if the copies served a useful purpose, which is a question within the discretion of the trial court. County of St. Lucie v. Browning, 358 So.2d 253 (Fla. 4th DCA 1978); Moore v. Caughey, 368 So.2d 109 (Fla. 4th DCA 1979).
The present case is a good example of the expansive use of discovery in modern litigation (twelve depositions were made part of the record), and the active involvement of attorneys from several different areas of the state. In light of the realities of modern litigation, we feel that the better reasoned view is that costs of copies of depositions may be taxable when the facts warrant. We find that in this case the trial court's award of the cost of one copy of each deposition, to be divided between the three appellees, was not an abuse of discretion.
International Patrol and Detective Agency, Inc. v. Aetna Casualty & Surety Co., 396 So.2d 774, 776-77 (Fla. 1st DCA 1981).
In the exercise of our discretion, we have not chosen to address or resolve the other issues posed by petitioner. There is no reason to permit petitioner a second appeal on these other issues. See Sanchez v. Wimpey, 409 So.2d 20 (Fla. 1982).
BOYD, OVERTON and McDONALD, JJ., concur.
OVERTON, Justice, concurring specially.
I concur with the majority opinion of Justice Adkins and the special concurring opinion of Justice Alderman. In exercising their discretion to determine the amount of costs in a proceeding, trial judges should only assess the least amount that is consistent with a reasonable method for providing counsel with the necessary information to properly try the cause.