PER CURIAM.
Appellant was charged in a six count information with two counts of aggravated assault, two counts of battery and two counts of false imprisonment. A jury found him guilty of one count of aggravated assault, one count of simple assault, two counts of battery and two counts of false imprisonment. The trial court sentenced the appellant to a minimum term of three years on the aggravated assault count, and concurrent sentences of sixty days on the assault count, ninety days on each of the two counts of battery, and six months on each of the two false imprisonment counts.
Appellant seeks reversal on the grounds that the trial court erred in (1) denying his motion for new trial based upon newly discovered evidence, (2) failing to grant him a new trial based upon the fact that the verdict was contrary to the weight of the evidence, and (3) failing to exclude the testimony of Michael Salina, one of the victims.
The several grounds relied upon by the appellant for reversal have been considered in the light of the record, briefs and arguments of counsel, and we have concluded that no reversible error has been shown. The record discloses that the case was fully and fairly tried, that the jury’s verdict is supported by the evidence and that the rulings challenged by the appellant did not on the record and under the law constitute harmful error. Jent v. State, 408 So.2d 1024 (Fla.1981); Clark v. State, 379 So.2d 97 (Fla.1979), cert. denied, 450 U.S. 936, 101 S.Ct. 1402, 67 L.Ed.2d 371 (1981); Mikenas v. State, 367 So.2d 606 (Fla.1978); Cloud v. Fallis, 110 So.2d 669 (Fla.1959); Dale v. Ford Motor Co., 409 So.2d 232 (Fla. 1st DCA 1982); Florida First National Bank of Jacksonville v. Dent, 404 So.2d 1123 (Fla. 1st DCA), dismissed 411 So.2d 381 (Fla.1981); Lamberti v. State, 338 So.2d 909 (Fla. 3d DCA 1976); Dames v. State, 314 So.2d 171 (Fla. 3d DCA 1975).
Therefore the judgments and sentences appealed are affirmed.
Affirmed.